**AIR AMERICA JET CHARTER INC., Appellant,**

v.

**Scott LAWHON, Appellee.**

No. 14–01–00922–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 10, 2002.

---

**7.** Russo testified that "everybody" was concerned about the impact declining sales might have on their jobs at Smith.

M. Steve Smith, Rory Stephen Alter, Houston, for appellant.

Brent C. Perry, Patrick Zummo, Houston, for appellee.

Panel consists of Chief Justice BRISTER and Justices HUDSON and FOWLER.

## OPINION

SCOTT BRISTER, Chief Justice.

Scott Lawhon was employed as a pilot with appellant Air America Jet Charter, Inc. The company agreed to give Lawhon free training as a Learjet captain and a raise of $750 per month in return for his agreement to stay with the company for one year after obtaining his Learjet certification. The company complied; Lawhon did not. Nevertheless, the trial court granted Lawhon's summary judgment, rendering judgment that Air America take

nothing. Finding no legal basis to support that ruling, we reverse and remand for new trial.

The facts are largely uncontested. Lawhon became an at-will employee of Air America in September 1998. In June 1999, he and Air America signed a contract reproduced here in its entirety:

> Agreement Between Scott Lawhon and Air America Jet Charter, Inc.
>
> I, Scott Lawhon, agree to a one year commitment of continuing employment with Air America Jet Charter. The commitment will begin the date I obtain my Learjet Captain Rating. I will not be responsible for payment of the upgrade training or expenses while I am in training.
>
> In addition, I will receive a pay increase of $750.00 per month also effective on the date I obtain the Learjet Captain Rating.

About six months after obtaining his captain's rating, Lawhon quit. Air America sued for breach of contract and fraudulent inducement. Lawhon moved for summary judgment; the trial court sustained an objection to Air America's response as untimely, and granted Lawhon's motion.

▄ In its tenth issue, Air America challenges the order finding its response untimely. Lawhon's motion was set for submission June 25, 2001, and thus Air America's response was due June 18th. *See* TEX.R. CIV. P. 166a(c). Air America's response contains a certificate showing service by certified mail on June 18th, and a file stamp by the clerk's office indicating receipt on June 20th. A document sent on the last day for filing is timely if received within ten days. *See* TEX.R. CIV. P. 5. As a matter of law, Air America's response was

timely. *See Geiselman v. Cramer Fin. Group, Inc.*, 965 S.W.2d 532, 535 (Tex. App.-Houston [14th Dist.] 1997, no writ) (holding response to summary judgment mailed seven days before hearing was timely). We sustain Air America's tenth issue.[1]

### *The Contract*

In its first eight points of error, Air America presents several arguments challenging the trial court's summary judgment. We review to determine if Lawhon disproved Air America's claims (or all elements of a defense) as a matter of law. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex.2001). We review all evidence in the light most favorable to Air America. *KPMG Peat Marwick v. Harrison County Housing Finance Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

▄ Lawhon argues that the parties' contract did not limit his status as an at-will employee in clear and explicit terms. *See Midland Jud. Dist. Comm. Supervision and Corrections Dept. v. Jones*, 92 S.W.3d 486, 487 (Tex.2002) (holding modification of at-will status must be stated in unequivocal and clearly specified terms). But we do not see how his agreement "to a one year commitment of continuing employment" could be any clearer. Nor do we agree that Lawhon's initial status as an at-will pilot is relevant. An employer may change the terms of an at-will employment contract by giving unequivocal notice to the employee; the employee's continuation of work thereafter constitutes acceptance. *See In re Halliburton Co.*, 80 S.W.3d 566, 568–69 (Tex.2002).

---

1. In its eleventh and twelfth points, Air America challenges the same order on additional grounds. Because we have sustained Air America's first point, we need not address these remaining issues.

■ Lawhon's primary argument is that the parties' contract lacked mutuality of obligation and was thus unenforceable. He points out that the contract limited only his right to terminate, not his employer's, so that Air America could fire him at any time. But this does not make the contract illusory.

■ Contracts are valid if there is consideration on each side. *Federal Sign v. Texas Southern University*, 951 S.W.2d 401, 409 (Tex.1997) (stating contracts "must be based upon a valid consideration, in other words, mutuality of obligation"). Consideration consists of a benefit to the promisor or a detriment to the promisee. *Northern Nat. Gas Co. v. Conoco, Inc.*, 986 S.W.2d 603, 607 (Tex.1998). There is no requirement that the consideration on each side be the same. *See, e.g., id.* at 607–08 (refusing to imply obligation on gas seller to continue buying gas, because promise to sell gas *if it bought any* was surrender of legal right and thus sufficient consideration). A contract will be construed in favor of mutuality. *Texas Gas Utilities Co. v. Barrett*, 460 S.W.2d 409, 412 (Tex. 1970).

■ A promise to provide specialized training is not illusory. *Light v. Centel Cellular Co.*, 883 S.W.2d 642, 646 (Tex. 1994). Lawhon's motion did not prove as a matter of law that he had not received Learjet training. Air America's response included an affidavit stating that he had. We hold Lawhon did not prove the parties' contract was illusory.[2]

The trial court erred in granting Lawhon's summary judgment. We sustain Air America's points.

## Air America's Cross–Motion

■ In its ninth issue, Air America asserts the trial court should have granted its cross-motion for partial summary judgment. That cross-motion was set for hearing three weeks *after* the trial court granted final summary judgment for Lawhon. The record contains no order granting leave to file this motion late, so it was not properly before the trial court. *See Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex.1996). As the trial court did not rule on the cross-motion prior to entry of a final judgment, there is nothing for us to review. TEX.R.APP. P. 33.1.[3] Appellant's ninth point is overruled.

**2.** Air America's promise to pay Lawhon an increased salary presents a closer question. The *promise* of a raise to an at-will employee is illusory, as an employer could fire the employee and be under no obligation to perform the promise. *See Light*, 883 S.W.2d at 645 n. 5 (Tex.1994). But an illusory promise can be accepted and made enforceable by performance. *Id.* at 645 n. 6. Here, the raise was not just a future promise; Lawhon had already received part of it. Mutuality of obligation is determined as of the time of breach, not the time of contracting. *See Gaede v. SK Investments, Inc.*, 38 S.W.3d 753, 760–61 (Tex.App.-Houston [14th Dist.] 2001, pet. denied) (holding that even if contract lacks mutuality at time it is made, whole or partial performance may render it enforceable); *see also Fort Worth Independent School Dist. v. City of Fort Worth*, 22 S.W.3d 831, 841 (Tex. 2000) (holding consideration parties had al-

ready received was sufficient to support at-will contract). Because we hold Lawhon's training constitutes consideration, we need not decide whether or to what extent his raise would as well.

**3.** One appellate court has rendered summary judgment based on a cross-motion filed after summary judgment had already been granted on an opposing motion, on the basis that the two motions "presented the same legal issue." *See City of Dallas v. Cornerstone Bank, N.A.*, 879 S.W.2d 264, 271 n. 4 (Tex.App.-Dallas 1994, no writ). Without a response or opportunity to object, we doubt that an appellate court can always tell whether both motions really are on the same legal issue. For the reasons discussed in the opinion, we decline to follow this precedent.

The judgment is reversed, and remanded for new trial.