NUMBER 13-04-379-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

                                                                                                                     


 

RAYMOND LOPEZ, ET AL.,                                                Appellants,

 

v.

 

JESSE D. RAMIREZ,                                                                       Appellee.

                                                                                                                                      


On appeal from the 319th District
Court of Nueces County, Texas.

                                                      
                                                                

MEMORANDUM OPINION

 

         Before
Chief Justice Valdez and Justices Hinojosa and Yañez

                            Memorandum
Opinion by Justice Yañez                       

 








This is an appeal of the trial court=s order granting partial summary judgment[1]
in favor of appellee, Jesse D. Ramirez, Jr. 
In two issues, appellants[2]
contend the trial court erred in (1) granting summary judgment and (2) denying
their motion for reconsideration.  We
reverse the trial court=s order and remand to the trial court for further
proceedings consistent with this opinion.

As this is a memorandum opinion and the parties are
familiar with the facts,[3]
we will not recite them here except as necessary to advise the parties of the
Court=s decision and the basic reasons for it.[4]   

Appellee sued appellants for various causes of
action in connection with his execution of a purchase agreement, by which he
transferred his twenty-five percent partnership interest in ICE, a gas
compression equipment business, to appellant Raymond Lopez.  Among appellee=s
causes of action is a request for declaratory judgment that the purchase
agreement is void and unenforceable. 
Appellee filed a motion for partial summary judgment on the sole basis
that the purchase agreement is invalid due to lack of consideration.  Appellee contends that the only promise made
by Lopez in the agreement is an offer for continued at-will employment, which
is insufficient consideration as a matter of law.  Following a hearing, the trial court granted
summary judgment in appellee=s favor.  The
issue here, therefore, is whether the summary judgment proof conclusively shows
that the purchase agreement is invalid due to lack of consideration.








                                                Standard
of Review           

The standard of review for the grant of a motion for
summary judgment is determined by whether the motion was brought on no‑evidence
or traditional grounds.[5]  We review de novo a trial court's
grant or denial of a traditional motion for summary judgment.[6]  The movant bears the burden of showing both
no genuine issue of material fact and entitlement to judgment as a matter of
law.[7]  In deciding whether there is a genuine issue
of material fact, we take evidence favorable to the non‑movant as true.[8]  We make all reasonable inferences and resolve
all doubts in favor of the non‑movant.[9]  

Issues not expressly presented to the trial court by
written motion, answer, or response shall not be considered on appeal as
grounds for reversal.[10]

In support of his motion for summary judgment,
appellee attached the following evidence: (1) the purchase agreement; (2)
excerpts of testimony from the January 29, 2004 temporary restraining order
hearing; (3) excerpts of testimony from the February 13, 2004 temporary
injunction hearing; and (4) a copy of Apage 2," identified as a part of ICE, L.L.P.=s Partnership Agreement.  








Appellants filed a response to the motion and
attached as evidence (1) the transcript of the February 13, 2004 temporary
injunction hearing, (2) the transcript of the January 29, 2004 temporary
restraining order hearing, and (3) the purchase agreement.  In their response, appellants contend the
purchase agreement is supported by adequate consideration because (1) by
accepting Ramirez=s partnership interest in Aownership, participation, profits, or losses,@ Lopez assumed all losses and liabilities associated
with the partnership interest; and (2) Lopez agreed to offer Ramirez employment
with Electric Motor Rewind (EMR), and Ramirez accepted the offer.[11]  

                                                    Applicable
Law








Consideration is a present exchange bargained for in
return for a promise.[12]  It can be either a benefit to the promisor or
a detriment to the promisee.[13]  It may consist of some right, interest,
profit, or benefit that accrues to one party, or, alternatively, of some
forbearance, loss, or responsibility that is undertaken or incurred by the
other party.[14]  A promise for a promise is sufficient
consideration in Texas.[15]  There is no requirement that the
consideration on each side be the same.[16]  A contract will be construed in favor of
mutuality.[17]  A contract that lacks consideration lacks
mutuality of obligation and is unenforceable.[18]  Mutuality of obligation is determined as of
the time of breach, not the time of contracting.[19]


When illusory promises are all that support a
purported bilateral contract, there is no contract.[20]  A promise is illusory when it fails to bind
the promisor, who retains the option of discontinuing performance.[21]


                                                          Analysis








We first address appellants= argument that the agreement is supported by valid
consideration because Lopez offered Ramirez employment at EMR and Ramirez
accepted the offer.  In Light v.
Centel Cellular Co. of Tex., a covenant‑not‑to‑compete
case, the supreme court held that consideration for a promise, by either the
employee or the employer in an at‑will employment, cannot be dependent on
a period of continued employment.[22]  The court reasoned that such a promise would
be illusory because it fails to bind the promisor, who always retains the
option of discontinuing employment in lieu of performance.[23]  The court also stated, however, that "if
only one promise is illusory, a unilateral contract can still be formed; the
non‑illusory promise can serve as an offer, which the promisor who made
the illusory promise can accept by performance."[24]  The fact that the employer was not bound to
perform because it could have fired the employee is irrelevant; if it has
performed, it has accepted the employee's offer and created a binding
unilateral contract.[25]


Here, it is undisputed that Lopez offered, and
Ramirez accepted employment with EMR. 
Assuming that Lopez=s promise to employ Ramirez at EMR is illusory, the
parties formed a unilateral contract when Lopez actually provided, and Ramirez
accepted, employment at EMR in return for the transfer of Ramirez=s partnership interest to Lopez.[26]  Accordingly, there was consideration to
support the unilateral contract in this case.

Because we hold that Lopez=s offer, and Ramirez=s
acceptance, of employment with EMR constitutes consideration, we need not
decide whether Lopez=s assumption of Alosses@ associated with Ramirez=s partnership interest would as well.  








Because of our disposition of appellants= first issue, we need not decide the remaining
issue.[27]  The trial court erred in granting summary
judgment in appellee=s favor.  We
REVERSE the judgment and REMAND to the trial court for further proceedings
consistent with this opinion.

 

_______________________

 

LINDA REYNA
YAÑEZ,

Justice

 

 

Memorandum
Opinion delivered and 

filed this the
14th day of July, 2005.











[1] The trial court=s order notes that
plaintiff/appellee=s motion for partial summary
judgment is granted as to his declaratory judgment action on the purchase
agreement.  The order severs appellee=s declaratory judgment action and
summary judgment into a separate cause. 
Due to the severance of the claims, the judgment challenged here is
final and subject to appeal.  See,
e.g., Lehmann v. Har‑Con Corp., 39 S.W.3d 191, 195 (Tex. 2001) Athe general rule, with a few mostly
statutory exceptions, is that an appeal may be taken only from a final judgment@).    





[2] Appellants include Raymond Lopez,
Theresa Lopez, Dora Ramirez, International Compression & Energy, L.P.,
International Compression & Energy, Inc., 
International Compression & Energy Management, Inc.,  International Compression & Energy
Holdings, L.L.P.  (collectively AICE@), EMR Electric Motor Rewind, Inc.,
EMR Electric Motor Rewind, L.P., EMR Management, Inc., EMR Electrical Group,
Inc., EMR Electrical Group, L.P., and South Texas Home Buildings, Inc.  The parties principally involved in the facts
giving rise to the appeal are appellant Raymond Lopez (the buyer) and appellee
Ramirez (the seller).





[3] We note this Court=s recent memorandum opinion
affirming the denial of Ramirez=s request for a temporary injunction involving the same
parties.  See Ramirez v. Lopez,
No. 13-04-111-CV, 2005 Tex. App. LEXIS 2447 (Tex. App.BCorpus Christi, March 31, 2005, no
pet.).   





[4] See Tex. R. App. P. 47.4.





[5] See Tex. R. Civ. P. 166a(i), (c); see also Ortega v. City
Nat'l Bank, 97 S.W.3d 765, 771 (Tex. App.BCorpus Christi 2003, no pet.) (op.
on reh'g). 





[6] Ortega, 97 S.W.3d at 772. 





[7] See Tex. R. Civ. P.  166a(c); see Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548 (Tex. 1985); see also Ortega, 97 S.W.3d at 771. 





[8] 
Ortega, 97 S.W.3d at 771. 





[9]  Id. 





[10] See Tex. R. Civ. P. 166a(c).





[11] The purchase agreement provides,
in relevant part:

 

(b) For and in consideration of his continued at-will employment by EMR
Electric Motor Rewind, L.P., the Seller hereby irrevocably and unconditionally
releases and forever discharges the Company, the Buyer, and any persons or
companies affiliated with either of them, from any and all claims and causes of
action of any nature, both past and present, known and unknown, including all
claims which arise under tort, contract or common law, or any federal, state,
or local statute, regulation or ordinance, including by way of example and
without limitation, any claim of discrimination, harassment, retaliation or any
personal injury of any kind, and for unpaid or wages or benefits of any kind.  The Seller expressly waives any rights he may
have to any past or future participation in the ownership, profits, or losses
of the Company and, to the extent that any such rights have matured as of the
date of this agreement, the Seller expressly relinquishes ownership,
participation, profits, or losses to the Buyer. 
Any claim or right of the Seller not effectively released and waived
hereby is expressly assigned and transferred to the Buyer.





[12] Law Offices of Robert L. Crill,
Inc. v. Bond, 76 S.W.3d 411, 418 (Tex. App.BDallas 2001, pet. denied) (citing Roark
v. Stallworth Oil & Gas, Inc., 813 S.W.2d 492, 496 (Tex. 1991)). 





[13] Id.





[14] Id. (citing Solomon v.
Greenblatt, 812 S.W.2d 7, 15 (Tex. App.BDallas 1991, no writ)). 





[15] Id. (citing Crest
Const., Inc. v. Murray, 888 S.W.2d 931, 942 (Tex. App.BBeaumont 1994), rev'd on other
grounds, 900 S.W.2d 342 (Tex. 1995)). 





[16] Air Am. Jet Charter, Inc. v.
Lawhon, 93 S.W.3d 441, 444 (Tex. App.BHouston [14th Dist.] 2002, pet. denied) (citing Northern
Nat. Gas Co. v. Conoco, Inc., 986 S.W.2d 603, 607-08 (Tex. 1998)). 





[17] Id. (citing Tex. Gas
Util. Co. v. Barrett, 460 S.W.2d 409, 412 (Tex. 1970)).  





[18] Law Offices of Robert L. Crill,
Inc., 76 S.W.3d at 418 (citing Fed. Sign v. Tex. S. Univ.,
951 S.W.2d 401, 409 (Tex. 1997)). 





[19] Air Am. Jet Charter,
Inc., 93 S.W.3d at 444 n.2.  





[20] Light v. Centel Cellular Co. of
Tex., 883 S.W.2d 642, 645 (Tex. 1994). 






[21] See id.; In re H.E. Butt
Grocery Co., 17 S.W.3d 360, 370 (Tex. App.BHouston [14th Dist.] 2000, no
pet.). 





[22] See Light, 883 S.W.2d at
644. 





[23] See id. at 645.  





[24] Id. at 645 n.6. 





[25] Id.





[26] See id. at 645 n.6; In
re Halliburton, 80 S.W.3d 566, 569 (Tex. 2002). 





[27] See Tex. R.  App. P. 47.1.