**In re FOSTER MOLD, INC., Relator.**

No. 08–97–00369–CV.

Court of Appeals of Texas,
El Paso.

Jan. 22, 1998.

Rehearing Overruled March 27, 1998.

1. *Boykin v. State*, 818 S.W.2d 782 (Tex.Crim.App. 1991) was decided after *Revia*. A *Boykin* analysis might lead to a different result.

Michael D. McQueen, Kemp, Smith, Duncan & Hammond, El Paso, for Relator.

Mike Milligan, El Paso, for Respondent.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

## *OPINION*

BARAJAS, Chief Justice.

Foster Mold, Inc. brings this original proceeding in mandamus seeking to have this Court order the trial court to vacate its order denying their motion to stay proceedings and ordering the parties to arbitration. We conditionally grant the writ of mandamus.

## I. *SUMMARY OF THE EVIDENCE*

### A. Factual History

The record in the instant case shows that on March 30, 1994, Patricia Arellano was hired by Foster Mold, Inc. as a "packer/in-spector." At the time of her employment, she was advised that the company was not a subscriber under the Texas Workers' Compensation Act. In addition, she was advised that Foster Mold provided an Occupational Injury Benefit Plan for those employees who may be injured while on the job. The record additionally shows that Patricia Arellano read and signed an "Employment and Arbitration Contract" which contained the following plainly visible language:

### *IMPORTANT NOTICE*

**1. THIS CONTRACT WILL REQUIRE YOU TO ARBITRATE CLAIMS FOR ON–THE–JOB INJURIES AND CERTAIN OTHER CLAIMS.**

**2. THIS CONTRACT LIMITS THE DAMAGES YOU MAY RECEIVE.**

**3. READ THE CONTRACT CAREFULLY. YOU MAY TAKE**

**IT HOME WITH YOU AND CONSULT WITH A LAWYER OR OTHER ADVISOR BEFORE SIGNING IT. YOU ARE NOT REQUIRED TO SIGN IT. HOWEVER, IF YOU CHOOSE NOT TO SIGN IT, WE CANNOT CONTINUE TO EMPLOY YOU OR TO CONSIDER YOU FURTHER FOR EMPLOYMENT.**

**4. PLEASE RETURN THE CONTRACT, WHETHER OR NOT YOU HAVE DECIDED TO SIGN IT, WITHIN SEVEN (7) CALENDAR DAYS FROM YOUR DATE OF RECEIPT.**

Section 3 of the executed "Employment and Arbitration Contract" states, in pertinent parts:

(a) All disagreements between you and the Company about ... (d) your termination; or (e) any other employment-related issue will be resolved by an arbitrator and not by a court or a jury. The arbitrator's decision will be final and will bind both you and the Company.

(b) If there is an arbitration, it will take place in El Paso, Texas, or at any other location you and the Company can agree upon.... [I]t will be subject to the Federal Arbitration Act. The Company will pay the arbitrator's fees and expenses and the expenses of the AAA except when you

ask the arbitrator to arbitrate a claim by you concerning your termination. In that case, you and the Company will each pay one half of all fees and expenses.

. . .

(d) You cannot recover punitive damages.

On February 8, 1994, Ricardo Arellano, Patricia Arellano's husband, was hired by Foster Mold, Inc. He likewise was informed that the company provided an Occupational Injury Benefit Plan instead of subscribing to the Texas Workers' Compensation Insurance Program. He likewise executed the identical "Employment and Arbitration Contract."

On October 29, 1994, Patricia Arellano reportedly sustained an on-the-job injury. On December 14, 1994, both Patricia and Ricardo Arellano were discharged by Foster Mold, Inc. They subsequently filed suit alleging wrongful termination.

### B. Procedural History

During the pendency of the suit below, Foster Mold, Inc., citing the "Employment and Arbitration Contract," filed its Motion to Stay Proceedings and Refer the Case to Arbitration. In response, the Arellanos contend that provisions which are contained within the four corners of the arbitration contract render the contract unconscionable. The Arellanos make no complaint of unconscionability as to the making or formation of the arbitration contract. On January 21, 1997, the trial court held a hearing on the pending motion and ultimately denied it in all respects. This mandamus follows.

### II. *DISCUSSION*

■ Mandamus is an extraordinary remedy available in limited circumstances and should issue only to correct a clear abuse of discretion or to enforce a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839–42 (Tex.1992)(orig.proceeding); *Segovia–Slape v. Paxson,* 893 S.W.2d 694, 696 (Tex. App.—El Paso 1995, orig. proceeding). The purpose of mandamus is to execute, not adjudicate. *Wortham v. Walker,* 133 Tex. 255, 128 S.W.2d 1138, 1151 (1939); *Escobar v.*

*Sutherland,* 917 S.W.2d 399, 403 (Tex.App.—El Paso 1996, orig. proceeding); *Burke v. Hutcheson,* 537 S.W.2d 312, 314 (Tex.Civ. App.—Eastland 1976, orig. proceeding). Mandamus relief is available to a party who is improperly denied arbitration under an agreement that incorporates the Federal Arbitration Act, as in the instant case. *EZ Pawn Corp. v. Mancias,* 934 S.W.2d 87, 91 (Tex.1996)(orig.proceeding).

■ The issue presented in the instant case is whether the trial court abused its discretion in denying Relator's motion to stay and refer the case to arbitration, under the Federal Arbitration Act. *9 U.S.C. § 2 (1970) .* Specifically, Relator contends that the determination of unconscionability, as it may relate to the four corners of the arbitration contract, must be decided by arbitration. To the extent that the Arellanos, to date, have limited their complaint to the "contents" of the arbitration contract, rather than to fraud or unconscionability in the inducement, we agree.

■ The Federal Arbitration Act does not permit a trial court to consider claims of unconscionability of an arbitration contract generally. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 403–04, 87 S.Ct. 1801, 1806, 18 L.Ed.2d 1270, 1277 (1967). Rather, it is the designated arbitrator, under the terms of the arbitration process, who is charged with the determination of whether the terms and conditions of the complained-of arbitration contract render it generally unconscionable. Once the trial court has determined that "the **making** of the agreement for arbitration is **not** an issue," it has the mandatory duty to refer the parties's contention to arbitration, as contemplated in the contract. *See Prima Paint Corp.,* 388 U.S. at 403–04, 87 S.Ct. at 1801, 18 L.Ed.2d at 1277; *Miller v. Public Storage Management, Inc.,* 121 F.3d 215, 218–19 (5th Cir.1997); *R.M. Perez & Assocs., Inc. v. Welch,* 960 F.2d 534, 538 (5th Cir.1992); *Babcock & Wilcox Co. v. PMAC, Ltd.,* 863 S.W.2d 225, 236 (Tex.App.—Houston [14th Dist.] 1993, writ denied)(emphasis supplied). On the other hand, we note that procedural unconscionability—an issue which relates to the actual making or inducement of the

agreement to arbitrate—is **not** subject to arbitration, but rather is reserved for appropriate judicial review. *Pepe Intern. Development v. Pub Brewing Co.*, 915 S.W.2d 925, 930 (Tex.App.—Houston [1st Dist.] 1996, no writ); *see also Babcock & Wilcox Co.*, 863 S.W.2d at 236.

Insofar as the Arellanos have limited their complaint to the "contents" of the arbitration contract, rather than to fraud or unconscionability in the inducement, we find that the trial court abused its discretion in denying the motion to stay proceedings and refer the case to arbitration.

■ We find that Relator, as to its limited complaint, has no adequate remedy by appeal, and consequently further find that mandamus is appropriate. We conditionally grant the writ of mandamus and order the trial court to withdraw its order denying Relator's motion for stay and referral to arbitration. We further order the trial court to grant Relator's requested relief, stay the underlying proceedings, and refer the case to arbitration.[1] The writ of mandamus will not issue unless the trial court fails to act in accordance with this opinion.

The granting of Relator's application for writ of mandamus does not, of course, determine any issue raised by the Arellanos in their pending action below. *See Texas Dept. of Transp. v. Marquez*, 885 S.W.2d 456, 459 (Tex.App.—El Paso 1994, orig. proceeding); *State Bd. of Ins. v. Williams*, 736 S.W.2d 259 (Tex.App.—Austin 1987, orig. proceeding).

---

**1.** Inherent in the decision of this Court is the presumption that the designated arbitrator will examine the Arellano's complaint that the complained-of arbitration contract is unconscionable as alleged.