

NUMBER 13-10-00235-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

IFMG SECURITIES, INC., LPL FINANCIAL
CORPORATION AND ANTONIO REYNA,                          Appellants,

v.

SOPHIA SEWELL,                                              Appellee.

---

On appeal from the 398th District Court
of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides
Memorandum Opinion by Justice Benavides**

Appellants, IFMG Securities, Inc. (IFMG), LPL Financial Corporation (LPL), and

Antonio Reyna appeal the denial of a Joint Motion to Compel Arbitration and Stay

Litigation in a lawsuit filed against them by appellee Sophia Sewell, alleging misconduct

by her former supervisor, Reyna, during her employment with IFMG/LPL.   In this

accelerated appeal, the sole issue before the Court is whether the trial court abused its discretion in denying appellants' motion to compel arbitration. We reverse and remand.

## I. BACKGROUND

Sewell was employed by financial services company IFMG, which was later acquired by LPL. After the acquisition, Sewell signed an arbitration agreement with LPL in February 2008. The arbitration agreement contained broad provisions, including a mutual promise between the parties to take all disputes related to their employment relationship to binding arbitration. The non-exhaustive list of claims covered in the agreement included breach of contract, torts, harassment, and violations of state law. Further, the agreement's reach applied to actions taken by LPL, all of its affiliated entities, and its employees/agents.

At all relevant times, Reyna served as Sewell's direct supervisor. Sewell alleges that on numerous occasions beginning in 2007, Reyna sexually harassed her verbally and physically. Sewell alleges that, after she repeatedly rejected Reyna's unwanted advances, Reyna began a pattern of employment discrimination, ultimately resulting in her being placed on administrative leave. The record indicates that all of Sewell's allegations against IFMG, LPL, and Reyna stem from Reyna's supervisory capacity and actions during the course and scope of his employment with IFMG/LPL.

On May 23, 2008, Sewell lodged her first internal complaint with LPL about Reyna's alleged behavior and discriminatory practices. She eventually exhausted her administrative remedies with the Texas Workforce Commission. Sewell was constructively terminated on July 11, 2008. Sewell further alleges that shortly after her constructive termination, IFMG/LPL defamed her by reporting false and misleading

information related to her employment and termination on a form filed with the Financial Industry Regulatory Authority (FINRA), a regulatory organization of securities firms in the United States. In November 2009, Sewell filed the instant suit against IFMG, LPL, and Reyna in state district court alleging various causes of action, including: assault and battery, intentional infliction of emotional distress, negligent hiring/supervision/retention, employment discrimination and retaliation, and defamation. IFMG, LPL, and Reyna subsequently moved for the trial court to order the entire case to arbitration pursuant to the February 2008 agreement. After hearing arguments, the trial court denied the motion to compel. This appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (Vernon Supp. 2010).

## II. STANDARD OF REVIEW AND APPLICABLE LAW

When a party is denied the right to arbitrate under an agreement, the trial court's decision is reviewed under an abuse of discretion standard. *In re Labatt Food Serv.*, 279 S.W.3d 640, 642–43 (Tex. 2009). Under this standard, we defer to the trial court on factual determinations, but review legal issues de novo. *Id.* Texas courts strongly favor arbitration agreements as a matter of public policy. *See id.*; *Prudential Secs. Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex. 1995) (noting the deference given to arbitration agreements under Texas law). Thus, the threshold legal determination in these cases is whether the party seeking arbitration establishes a valid agreement. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). If validity is established, the burden shifts to the party opposing arbitration to raise affirmative defenses to enforcement. *Id.*

3

### III. ANALYSIS

### A.   VALIDITY OF THE ARBITRATION AGREEMENT

As arbitration agreements are "creatures of contract," they are interpreted under the principles of contract law.  *Tenet Healthcare Ltd. v. Cooper*, 960 S.W.2d 386, 388 (Tex. App.—Houston [14th Dist.] 1998, pet. dism'd w.o.j.).   Validity is thus determined by the rules of contract law and must be supported by consideration.  *Id.*  IFMG, LPL, and Reyna argue that a valid agreement exists in the instant case and is supported by sufficient consideration of mutual promises to arbitrate all employment disputes.   The Texas Supreme Court has held that such reciprocal obligations to arbitrate are sufficient consideration to support a valid contract.  *See J.M. Davidson, Inc.* 128 S.W.3d at 228 (citing *In re Haliburton Co.*, 80 S.W.3d 566 (Tex. 2002) (orig. proceeding) (noting that, because an employee and employer are bound to their promises to arbitrate, sufficient consideration exists)).

Sewell's only challenge to the arbitration agreement's validity is regarding which parties it covers.   Because IFMG and Reyna are not expressly named in the agreement, Sewell contends that the agreement does not apply to them.   We disagree. A third-party beneficiary may still enforce a contract, even though it is not a party, if the original parties intended "to secure a benefit to that third-party."  *In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 677 (Tex. 2006).   IFMG and Reyna are covered under two distinct provisions of the contract.   First, the definition of "Company" includes "any parent or affiliated entity," in the agreement and LPL admits IFMG is an affiliated entity. Second, Reyna is an employee of LPL, and the agreement covers "all claims against any employee. . . ."   Sewell's allegations against Reyna arise from his capacity as such.

4

By including this coverage in the agreement, we conclude that LPL intended to bind all of its employees, and IFMG, to its terms. We therefore find a valid arbitration agreement as a matter of law in this case, which shifts the burden to Sewell to oppose its enforcement. *See J.M. Davidson Inc.*, 128 S.W.3d at 228.

**B.   ENFORCEMENT OF THE ARBITRATION AGREEMENT**

One of Sewell's defenses against enforcement of this agreement is that the scope of arbitration coverage cannot be broadened to apply to her claims of assault and battery, intentional infliction of emotional distress, and negligent hiring, retention and/or supervision against Reyna, citing *Jones v. Halliburton Co.*, 625 F. Supp.2d 339 (S.D. Tex. 2008), *aff'd*, 583 F.3d 228 (5th Cir. 2009), *cert. dismissed*, 130 S.Ct. 1756 (2010) for support.   The legal standard in determining whether a claim falls outside the scope of the arbitration agreement is to "focus on the factual allegations of the complaint, rather than the legal causes of actions asserted," with the burden resting upon the party asserting that the claims fall outside the scope of the arbitration agreement.   *Prudential Secs.*, 909 S.W.2d at 900.   We agree with IFMG, LPL, and Reyna that the facts in *Jones* are readily distinguishable from this case.

The arbitration agreement in this case calls for mutual promises by the parties involved to take all disputes related to their employment relationship to binding arbitration.   In *Jones*, an employee brought an action against her former employer and former co-workers for a variety of claims, including assault and battery, negligence, and sexual harassment arising from an alleged rape, while working overseas.   625 F. Supp.2d 339 at 343–44.   The employer in *Jones* sought to compel arbitration, but the trial court held that not all of the employee's claims, namely the sexual assault, related to

5

her employment and fell outside the broad-scope provision of the arbitration agreement. *Id.* at 356. The Fifth Circuit noted that the alleged sexual assault took place in the employee's bedroom, after work hours, while off-duty, and following a social gathering, where drinking was involved. *Jones*, 583 F.3d 240. In the instant case, the factual allegations—while just as serious—are distinguishable from the case on which Sewell relies. Sewell alleges in her original petition that Reyna's harassing behavior took place while "attending a company sponsored and/or endorsed event," where Reyna was attending and acting "in his supervisory capacity" with IFMG/LPL. Our review of the record shows that these alleged acts occurred at company conferences and seminars, which differ from the *Jones* facts. The allegations in this case are related exclusively to Sewell's employment and employment-relationship with IFMG/LPL, as well Reyna's position as her supervisor. We reject Sewell's argument that her claims fall outside the scope of this arbitration agreement.

## C. RETROACTIVE EFFECT OF ARBITRATION AGREEMENTS

Finally, Sewell argues that the conduct which gives rise to this suit occurred prior to the signing of the agreement in 2007 and the agreement cannot have retroactive effect. In support of this contention, Sewell cites *In re Brookshire Bros., Ltd.*, 198 S.W.3d 381 (Tex. App.—Texarkana 2006, orig. proceeding), in which the Texarkana Court of Appeals held that an arbitration agreement had no retroactive effect on an employee's claim of negligence against an employer because the agreement contained an effective start date and did not specifically include prior claims in the scope of the agreement. 198 S.W.3d at 388. IFMG, LPL, and Reyna counter Sewell's argument by arguing that the broad language of the arbitration agreement at issue states that it

6

relates to "any and all disputes," which encompasses both prospective and retrospective claims related in any way to the employment relationship between Sewell and IFMG/LPL. We decline to address either argument, as the issue of retroactive application is not involved in this case. While we agree with the holding and reasoning of *In re Brookshire*, it is inapplicable in the present case because Plaintiff's claims occurred after the signing of the arbitration agreement, notwithstanding when the conduct occurred. Accordingly, we will apply the presumption in favor of arbitration limited to the present set of facts.

## IV. CONCLUSION

We reverse the trial court's denial of the motion to compel arbitration and remand for further proceedings consistent with this opinion.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
10th day of November, 2011.