**Opinion filed January 11, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00093-CV
_____

### VENTURE COTTON COOPERATIVE AND NOBLE AMERICAS CORP., Appellants

### V.

### SHELBY ALAN FREEMAN ET AL., Appellees

On Appeal from the 106th District Court

Gaines County, Texas

Trial Court Cause Nos. 11-02-16176 & 11-02-16184

## O P I N I O N

This is a consolidated interlocutory appeal of the trial court's orders in which it denied Venture Cotton Cooperative's and Noble Americas Corp.'s motions to compel arbitration under the Federal Arbitration Act (FAA). *See* 9 U.S.C. §§ 1–16; TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West Supp. 2012). We affirm.

Appellees are cotton farmers who each entered into a contract with Venture for the sale and marketing of cotton produced from their land. The contract that each farmer entered into contained an agreement to arbitrate that provided in part:

> All disputes will be resolved pursuant to binding arbitration pursuant to the arbitration rules of the American Cotton Shippers Association. . . . In the event of breach of this Agreement by Producer, Producer agrees to pay all arbitration and court costs, if any, and the reasonable attorney's fees and litigation and arbitration expenses of Venture.

In a single issue, appellants argue that, because appellees failed to establish their procedural and substantive unconscionability defenses, the trial court erred when it held that the arbitration agreement between appellants and appellees was unconscionable and unenforceable.

We review the enforceability of an arbitration agreement de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009). Because "the law favors arbitration, the burden of proving a defense to arbitration is on the party opposing arbitration." *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 756 (Tex. 2001).

Appellants first address whether the underlying controversies lie within the scope of an arbitration agreement governed by the FAA. However, appellees do not dispute that the underlying controversies are governed by the FAA. Therefore, we will not address this sub-issue and will assume without deciding that the underlying claims fall within the arbitration agreement at issue.

Appellants next address each of appellees' procedural and substantive unconscionability defenses raised in response to appellants' motions to compel arbitration.

Procedural unconscionability refers to the circumstances surrounding the adoption of the arbitration agreement. *In re Halliburton Co.*, 80 S.W.3d 566, 571 (Tex. 2002). Substantive unconscionability refers to the fairness of the arbitration agreement itself. *Id.* The test for substantive unconscionability is "whether, given the parties' general commercial background and the commercial needs of the particular trade or case, the clause involved is so one-sided that it is unconscionable under the circumstances existing when the parties made the contract." *FirstMerit Bank*, 52 S.W.3d at 757. If the agreement ensures preservation of the substantive rights and remedies of the parties, the agreement is not substantively unconscionable. *Halliburton Co.*, 80 S.W.3d at 572.

2

Appellees asserted five specific arguments in regard to their claim that the arbitration agreement was substantively unconscionable: (1) the American Cotton Shippers Association (ACSA) rules prevented appellees from recovering attorney's fees under TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West 2008) if they were successful on their breach of contract claim; (2) the rules prevented appellees from recovering attorney's fees, consequential damages, or punitive damages under the DTPA[1] if they were successful on their fraudulent inducement of contract claim; (3) the rules provided an arbitration forum that was cost prohibitive due to fee shifting and excessive costs; (4) the rules limited appellees' right to discovery; and (5) a conflict of interest exists between appellants and ACSA because the manager of Noble is also the director at large for ACSA and appellants' legal counsel is also the legal counsel for ACSA.

Appellees' first two arguments were based on the following language in the ACSA rules: "The awards shall be limited to the monetary damages arising out of the failure of either party to perform its obligations pursuant to the contract as determined by the Arbitration Committee and shall not include attorney's fees unless provided for in the contract." The arbitration agreement in the contract in this dispute provided: "In the event of breach of this Agreement by Producer, Producer agrees to pay all arbitration and court costs, if any, and the reasonable attorney's fees and litigation and arbitration expenses of Venture." Appellees' contention is that the arbitration agreement violates public policy because, under the language in both the arbitration agreement and the ACSA rules, appellees are prohibited from recovering statutory remedies under Section 38.001 and under the DTPA, even if they are successful on their claims.

Appellants argue that appellees failed to demonstrate the likelihood of recovering attorney's fees or damages and, thus, that appellees' arguments demonstrated only a risk of a loss and not an actual loss of statutory remedies and rights. In support of their argument, appellants rely on *In re Olshan Foundation Repair Co., LLC*, 328 S.W.3d 883 (Tex. 2010). However, in *Olshan*, the court did not address whether a party must present "some evidence" of the viability of their claims in order to show that an arbitration agreement fails to preserve the substantive rights and remedies of the party, but addressed whether a party must present "some evidence" of having to pay excessive fees and costs. 328 S.W.3d at 892–95. The court emphasized that an argument based merely on a risk that a party might incur excessive fees and costs was not

---

[1]Deceptive Trade Practices-Consumer Protection Act, TEX. BUS. & COM. CODE ANN. §§ 17.41–17.63 (West 2011 & Supp. 2012).

enough to show that an arbitration agreement was substantively unconscionable. *Id.* at 895. The *Olshan* court held that a party opposing arbitration must present "some evidence" that it will likely incur excessive arbitration fees and costs to show that an arbitration agreement is unconscionable. *Id.* at 892–93. The *Olshan* court stated that the crucial unconscionability inquiry was "whether the arbitral forum in a particular case is an adequate and accessible substitute to litigation, a forum where the litigant can effectively vindicate his or her rights." *Id.* at 894. Thus, a forum that prohibits a party from recovering statutory remedies is not a forum where a party can vindicate its rights. Arbitration agreements that force parties to forego substantive rights and remedies afforded by statute are unconscionable. *In re Poly-America, L.P.*, 262 S.W.3d 337, 349 (Tex. 2008); *Halliburton Co.*, 80 S.W.3d at 572.

In *Sanders*, the Fourth Court of Appeals held that the trial court did not abuse its discretion when it concluded that the arbitration agreements' attorney's fees and costs provisions were unconscionable because they substantially diminished the Sanderses' rights under the DTPA. *Sec. Serv. Fed. Credit Union v. Sanders*, 264 S.W.3d 292, 299–300 (Tex. App.—San Antonio 2008, orig. proceeding). In *Sanders*, "the Sanderses would not be able to recover attorney's fees and costs as mandated by the DTPA, even if they prevailed on their DTPA claims in arbitration." *Id.* at 299. The same prohibition is present here. Therefore, we hold that the arbitration provisions that prevent appellees from recovering damages and attorney's fees under the DTPA are unconscionable.

We also hold that the provisions as to the recovery of attorney's fees under Section 38.001 are unconscionable. Here, the arbitration agreement allows Venture to recover attorney's fees if appellees breached the contract, but does not allow appellees to recover if Venture breached. Because the arbitration agreement here allows only Venture to recover attorney's fees, the agreement is "one-sided." *FirstMerit Bank*, 52 S.W.3d at 757; *cf. In re Fleetwood Homes of Texas, L.P.*, 257 S.W.3d 692, 695 (Tex. 2008) ("But allowing *both* parties to recover fees hardly makes an agreement 'one-sided'; such agreements, common in commercial contexts, surely make them less so."). In *Fleetwood Homes*, the arbitration agreement allowed the prevailing party to recover attorney's fees. 257 S.W.3d at 695. Here, the agreement only allows Venture to recover attorney's fees.

Appellants also argue that a party can waive its right to attorney's fees under Section 38.001. While this is true, the waiver must be specific to be enforceable. *Tex. Nat'l*

*Bank v. Sandia Mortg. Corp.*, 872 F.2d 692, 701 (5th Cir. 1989). If the limiting clause "does not *specifically* preclude [appellees'] statutory claim to an award of attorney's fees under Section 38.001 . . . no valid waiver can occur because the party giving up the right does not know what he or she is relinquishing." *Id.* Here, the arbitration rules provide that an award "shall not include attorney's fees unless provided for in the contract," but the rules do not specifically reference Section 38.001. Therefore, appellees did not waive their right to attorney's fees under Section 38.001.

In the alternative, appellants argue that, even if a provision of the arbitration agreement is unconscionable, the trial court erred by not severing that provision from the remainder of the agreement. Appellees contend that appellants waived this argument because, in their motion to compel arbitration, appellants argued that the severability clause saved the contract as a whole from the unconscionable arbitration agreement, not that the severability clause saved the arbitration agreement itself from its unconscionable terms. We agree that appellants waived their severability argument, but we do not agree with appellees' representation of appellants' argument in their motion to compel. Appellants argued that, when considering a motion to compel, the trial court should consider the arbitration agreement separate and apart from the remainder of the contract. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 402–04 (1967) (holding that, unless the challenge is to the arbitration agreement itself, the enforceability of the contract is considered by the arbitrator). However, neither in appellant's motion to compel arbitration nor at the hearing did they argue that the trial court should enforce the severability clause of the contract.

Appellants contend that in *Sanders* the Fourth Court of Appeals held that the trial court erred when it failed to enforce the severability clause even when the party did not move for severance in the trial court. 264 S.W.3d at 301. We find *Sanders* to be distinguishable from the circumstances of this case. In *Sanders*, the court disagreed that the party waived the enforcement of the severability clause because the court found that the party "sought enforcement of the entire general arbitration agreement, which specifically include[d] the . . . severability clause." *Id.* The court concluded that the "trial court did not properly apply the law when it failed to enforce the arbitration agreement absent the unenforceable attorney's fees and costs provisions." *Id.* Here, while it is true that the contract contains a severability clause, neither the arbitration agreement nor the arbitration rules do. Thus, when appellants sought enforcement of the arbitration

5

agreement in the trial court, they could not have been seeking enforcement of the severability clause because it was not included in the arbitration agreement or in the arbitration rules. Appellants argued that the trial court should separate the arbitration agreement from the remainder of the contract and determine whether to enforce arbitration. Therefore, the enforceability of the terms of the contract in general, including the severability clause, was not before the trial court. The only portion of the contract before the trial court at the motion to compel arbitration was the arbitration agreement itself, and the trial court found that agreement to be unconscionable. We hold that the trial court did not err when it did not sever the unconscionable terms of the agreement.

Because we have held that the arbitration agreement is substantively unconscionable on the ground that it prevents appellees from recovering statutory remedies and because appellants waived the issue of severability, we need not consider appellants' remaining arguments attacking appellees' other substantive unconscionability and procedural unconscionability defenses. We overrule appellants' sole issue on appeal.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


January 11, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

6