Opinion filed January 11,
2013

 

 

                                                                       In The

                                                                              

             Eleventh Court of Appeals

                                         __________

 

                                    No. 11-11-00093-CV

                                                       __________

 

                            VENTURE
COTTON COOPERATIVE AND 

                               NOBLE
AMERICAS CORP., Appellants

 

                                                               V.

 

                          SHELBY
ALAN FREEMAN ET AL., Appellees



 

                                     On
Appeal from the 106th District Court

 

                                                           Gaines
County, Texas

 

                                   Trial Court Cause Nos.
11-02-16176 & 11-02-16184 

 



 

O
P I N I O N

            This
is a consolidated interlocutory appeal of the trial court’s orders in which it
denied Venture Cotton Cooperative’s and Noble Americas Corp.’s motions to
compel arbitration under the Federal Arbitration Act (FAA).  See 9
U.S.C. §§ 1–16; Tex. Civ. Prac. &
Rem. Code Ann. § 51.016 (West Supp. 2012).  We affirm.

            Appellees
are cotton farmers who each entered into a contract with Venture for the sale
and marketing of cotton produced from their land.  The contract that each
farmer entered into contained an agreement to arbitrate that provided in part:

All
disputes will be resolved pursuant to binding arbitration pursuant to the
arbitration rules of the American Cotton Shippers Association. . . .  In the
event of breach of this Agreement by Producer, Producer agrees to pay all
arbitration and court costs, if any, and the reasonable attorney’s fees and litigation
and arbitration expenses of Venture.

 

            In
a single issue, appellants argue that, because appellees failed to establish
their procedural and substantive unconscionability defenses, the trial court
erred when it held that the arbitration agreement between appellants and
appellees was unconscionable and unenforceable.

            We
review the enforceability of an arbitration agreement de novo.  In re Labatt
Food Serv., L.P., 279 S.W.3d 640, 643 (Tex. 2009).  Because “the law favors
arbitration, the burden of proving a defense to arbitration is on the party
opposing arbitration.”  In re FirstMerit Bank, N.A., 52 S.W.3d 749, 756
(Tex. 2001).

            Appellants
first address whether the underlying controversies lie within the scope of an
arbitration agreement governed by the FAA.  However, appellees do not dispute
that the underlying controversies are governed by the FAA.  Therefore, we will
not address this sub-issue and will assume without deciding that the underlying
claims fall within the arbitration agreement at issue. 

            Appellants
next address each of appellees’ procedural and substantive unconscionability
defenses raised in response to appellants’ motions to compel arbitration.

 Procedural
unconscionability refers to the circumstances surrounding the adoption of the
arbitration agreement.  In re Halliburton Co., 80 S.W.3d 566, 571 (Tex.
2002).  Substantive unconscionability refers to the fairness of the arbitration
agreement itself.  Id.  The test for substantive unconscionability is “whether,
given the parties’ general commercial background and the commercial needs of
the particular trade or case, the clause involved is so one-sided that it is
unconscionable under the circumstances existing when the parties made the
contract.”  FirstMerit Bank, 52 S.W.3d at 757.  If the agreement ensures
preservation of the substantive rights and remedies of the parties, the agreement
is not substantively unconscionable.  Halliburton Co., 80 S.W.3d at
572.  

            Appellees
asserted five specific arguments in regard to their claim that the arbitration
agreement was substantively unconscionable: (1) the American Cotton Shippers
Association (ACSA) rules prevented appellees from recovering attorney’s fees under
Tex. Civ. Prac. & Rem. Code Ann. §
38.001 (West 2008) if they were successful on their breach of contract claim;
(2) the rules prevented appellees from recovering attorney’s fees,
consequential damages, or punitive damages under the DTPA[1]
if they were successful on their fraudulent inducement of contract claim; (3) the
rules provided an arbitration forum that was cost prohibitive due to fee
shifting and excessive costs; (4) the rules limited appellees’ right to
discovery; and (5) a conflict of interest exists between appellants and ACSA
because the manager of Noble is also the director at large for ACSA and
appellants’ legal counsel is also the legal counsel for ACSA.  

            Appellees’
first two arguments were based on the following language in the ACSA rules:
“The awards shall be limited to the monetary damages arising out of the failure
of either party to perform its obligations pursuant to the contract as
determined by the Arbitration Committee and shall not include attorney’s fees
unless provided for in the contract.”  The arbitration agreement in the
contract in this dispute provided: “In the event of breach of this Agreement by
Producer, Producer agrees to pay all arbitration and court costs, if any, and
the reasonable attorney’s fees and litigation and arbitration expenses of
Venture.”  Appellees’ contention is that the arbitration agreement violates
public policy because, under the language in both the arbitration agreement and
the ACSA rules, appellees are prohibited from recovering statutory remedies
under Section 38.001 and under the DTPA, even if they are successful on their
claims.   

            Appellants
argue that appellees failed to demonstrate the likelihood of recovering
attorney’s fees or damages and, thus, that appellees’ arguments demonstrated
only a risk of a loss and not an actual loss of statutory remedies and rights. 
In support of their argument, appellants rely on In re Olshan Foundation
Repair Co., LLC, 328 S.W.3d 883 (Tex. 2010).  However, in Olshan, the
court did not address whether a party must present “some evidence” of the
viability of their claims in order to show that an arbitration agreement fails
to preserve the substantive rights and remedies of the party, but addressed
whether a party must present “some evidence” of having to pay excessive fees
and costs.  328 S.W.3d at 892–95.  The court emphasized that an argument based
merely on a risk that a party might incur excessive fees and costs was not
enough to show that an arbitration agreement was substantively unconscionable. 
Id. at 895.  The Olshan court held that a party opposing
arbitration must present “some evidence” that it will likely incur excessive
arbitration fees and costs to show that an arbitration agreement is unconscionable. 
Id. at 892–93.  The Olshan court stated that the crucial
unconscionability inquiry was “whether the arbitral forum in a particular case
is an adequate and accessible substitute to litigation, a forum where the
litigant can effectively vindicate his or her rights.”  Id. at 894.  Thus,
a forum that prohibits a party from recovering statutory remedies is not a
forum where a party can vindicate its rights. Arbitration agreements that force
parties to forego substantive rights and remedies afforded by statute are
unconscionable.  In re Poly-America, L.P., 262 S.W.3d 337, 349 (Tex.
2008); Halliburton Co., 80 S.W.3d at 572.  

            In Sanders,
the Fourth Court of Appeals held that the trial court did not abuse its discre-tion
when it concluded that the arbitration agreements’ attorney’s fees and costs
provisions were unconscionable because they substantially diminished the Sanderses’
rights under the DTPA.  Sec. Serv. Fed. Credit Union v. Sanders, 264
S.W.3d 292, 299–300 (Tex. App.—San Antonio 2008, orig. proceeding).  In Sanders,
“the Sanderses would not be able to recover attorney’s fees and costs as
mandated by the DTPA, even if they prevailed on their DTPA claims in
arbitration.”  Id. at 299.  The same prohibition is present here.  Therefore,
we hold that the arbitration provisions that prevent appellees from recovering
damages and attorney’s fees under the DTPA are unconscionable.

            We
also hold that the provisions as to the recovery of attorney’s fees under
Section 38.001 are unconscionable.  Here, the arbitration agreement allows
Venture to recover attorney’s fees if appellees breached the contract, but does
not allow appellees to recover if Venture breached.  Because the arbitration
agreement here allows only Venture to recover attorney’s fees, the agreement is
“one-sided.”  FirstMerit Bank, 52 S.W.3d at 757; cf. In re
Fleetwood Homes of Texas, L.P., 257 S.W.3d 692, 695 (Tex. 2008) (“But
allowing both parties to recover fees hardly makes an agreement
‘one-sided’; such agreements, common in commercial contexts, surely make them
less so.”).  In Fleetwood Homes, the arbitration agreement allowed the
prevailing party to recover attorney’s fees.  257 S.W.3d at 695.  Here, the
agreement only allows Venture to recover attorney’s fees.  

            Appellants
also argue that a party can waive its right to attorney’s fees under Section 38.001. 
While this is true, the waiver must be specific to be enforceable.  Tex. Nat’l
Bank v. Sandia Mortg. Corp., 872 F.2d 692, 701 (5th Cir. 1989).  If the
limiting clause “does not specifically preclude [appellees’] statutory
claim to an award of attorney’s fees under Section 38.001 . . . no valid waiver
can occur because the party giving up the right does not know what he or she is
relinquishing.”  Id.  Here, the arbitration rules provide that an award
“shall not include attorney’s fees unless provided for in the contract,” but
the rules do not specifically reference Section 38.001.  Therefore, appellees
did not waive their right to attorney’s fees under Section 38.001. 

            In
the alternative, appellants argue that, even if a provision of the arbitration
agreement is unconscionable, the trial court erred by not severing that
provision from the remainder of the agreement.  Appellees contend that
appellants waived this argument because, in their motion to compel arbitration,
appellants argued that the severability clause saved the contract as a whole
from the unconscionable arbitration agreement, not that the severability clause
saved the arbitration agreement itself from its unconscionable terms.  We agree
that appellants waived their severability argument, but we do not agree with
appellees’ representation of appellants’ argument in their motion to compel.  Appellants
argued that, when considering a motion to compel, the trial court should
consider the arbitration agreement separate and apart from the remainder of the
contract.  See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388
U.S. 395, 402–04 (1967) (holding that, unless the challenge is to the
arbitration agreement itself, the enforceability of the contract is considered
by the arbitrator).  However, neither in appellant’s motion to compel
arbitration nor at the hearing did they argue that the trial court should
enforce the severability clause of the contract.    

            Appellants
contend that in Sanders the Fourth Court of Appeals held that the trial
court erred when it failed to enforce the severability clause even when the
party did not move for severance in the trial court.  264 S.W.3d at 301.  We
find Sanders to be distinguishable from the circumstances of this case. 
In Sanders, the court disagreed that the party waived the enforcement of
the severability clause because the court found that the party “sought
enforcement of the entire general arbitration agreement, which specifically
include[d] the . . . severability clause.”  Id.  The court concluded
that the “trial court did not properly apply the law when it failed to enforce
the arbitration agreement absent the unenforceable attorney’s fees and costs
provisions.”  Id.  Here, while it is true that the contract contains a
severability clause, neither the arbitration agreement nor the arbitration
rules do.  Thus, when appellants sought enforcement of the arbitration
agreement in the trial court, they could not have been seeking enforcement of
the severability clause because it was not included in the arbitration
agreement or in the arbitration rules.  Appellants argued that the trial court
should separate the arbitration agreement from the remainder of the contract
and determine whether to enforce arbitration.  Therefore, the enforceability of
the terms of the contract in general, including the severability clause, was
not before the trial court.  The only portion of the contract before the trial
court at the motion to compel arbitration was the arbitration agreement itself,
and the trial court found that agreement to be unconscionable.  We hold that
the trial court did not err when it did not sever the unconscionable terms of
the agreement.

            Because
we have held that the arbitration agreement is substantively unconscionable on
the ground that it prevents appellees from recovering statutory remedies and because
appellants waived the issue of severability, we need not consider appellants’
remaining arguments attacking appellees’ other substantive unconscionability
and procedural unconscionability defenses.  We overrule appellants’ sole issue
on appeal.

            The
judgment of the trial court is affirmed.

            

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

January 11, 2013

Panel consists of: Wright, C.J.,

McCall, J., and Willson, J.

 

 









[1]Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§
17.41–17.63 (West 2011 & Supp. 2012).