

# NUMBER 13-16-00204-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**HENRY & SONS CONSTRUCTION CO., INC.,**                    **Appellant,**

**v.**

**PABLO CAMPOS,**                                          **Appellee.**

---

## On appeal from the County Court at Law No. 2
## of Nueces County, Texas.

---

# DISSENTING OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Dissenting Opinion by Justice Perkes

I respectfully dissent from the majority. I believe the arbitration agreement is not illusory and is therefore valid and enforceable.

### I. ARBITRATION

The majority correctly recites the facts of this case and correctly states the standard of review and applicable law. However, I disagree with the majority's

interpretation and application of the controlling precedent. I would conclude that the arbitration agreement is valid and that the trial court erred by denying HSC's motion to compel arbitration.

## A.   Arbitration Agreements

The majority correctly states that where an arbitration clause is subject to unilateral modification or termination, such agreements are upheld as binding when they feature guarantees to prior notice and no retroactive application. *See In re Halliburton Co.*, 80 S.W.3d 566, 569–70 (Tex. 2002). However, the majority concludes that because HSC's arbitration agreement did not provide for advance notice of *modification*, the agreement is illusory and not mutually binding.

In *Halliburton*, the Texas Supreme Court analyzed language from an arbitration agreement and concluded that the agreement was not illusory. *Id.* at 570. Halliburton's employee alleged that because the company was able to modify or terminate its arbitration agreement, the promise to arbitrate was illusory and therefore unenforceable. *Id.* at 569–70. The Halliburton agreement stated, however, that "no amendment shall apply to a Dispute of which the Sponsor [Halliburton] had actual notice on the date of amendment." *Id.* Further, the termination provision stated that "termination shall not be effective until 10 days after reasonable notice of termination is given to Employees or as to Disputes which arose prior to the date of termination." *Id.* Because Halliburton could not avoid its promise to arbitrate by amending or terminating the dispute resolution program, the Supreme Court held the arbitration agreement was not illusory. *Id.* at 570.

2

Since *Halliburton*, the Supreme Court has addressed the requirements of arbitration agreements on several occasions. In *AdvancePCS Health*, the court considered whether an arbitration agreement was illusory where the management company retained the right to terminate the agreement with contemporaneous notice to the member pharmacies. *See In re AdvancePCS Health LP*, 172 S.W.3d 603, 607 (Tex. 2005). The agreement provided a 30-day window during which the arbitration clause could not be cancelled and included a "savings clause" preventing any cancellation from applying retroactively. *See id.* The court concluded that the agreement was not illusory because had the pharmacies invoked arbitration rather than filing suit, the company could not have avoided arbitration by terminating the agreement. *See id.* at 608–09. Likewise in *Polymerica*, the Supreme Court again rejected an illusory-agreement argument. *See In re Polymerica, LLC*, 296 S.W.3d 74, 76 (Tex. 2009). There, the termination provision required notice to employees and applied prospectively only. *See id.* The court applied the same logic, explaining that the company could not avoid its promise to arbitrate by amending the provision or terminating it altogether. *See id.* (citing *In re Halliburton*, 80 S.W.3d at 570.)

**B. Analysis**

In the present case, HSC's arbitration agreement expressly states that "revisions to this Policy shall only apply prospectively . . . revisions will apply only to those claims based upon actions or events that occur following the effective date of the revisions." Regarding termination, the agreement states that "HSC shall provide at least thirty days' notice of any termination of the Policy. Any claim . . . that was initiated prior to the

3

effective date . . . shall not be affected by such termination." While the agreement does not explicitly require HSC to provide the employee with advance notice of any *modification* of the agreement, I do not believe such notice is required. Rather, the crux of the matter is whether HSC or Campos can unilaterally avoid their mutual promises to arbitrate. *See In re AdvancePCS Health LP*, 172 S.W.3d at 607. They cannot.

The arbitration agreement, based on its prospective application and advance notice of termination, prevents HSC from avoiding its promise to arbitrate by amending the agreement or cancelling it altogether. Had HSC initiated a suit against Campos, he would have retained his right to compel HSC to arbitrate and HSC would have been unable to avoid its obligation to do so. *See In re Polymerica*, *LLC*, 296 S.W.3d at 76. The arbitration agreement is similar to the agreement in *Halliburton* and, if anything, it provides more protection by giving thirty days' notice of termination rather than ten days. *See In re Halliburton*, 80 S.W.3d at 570. Thus, I would conclude that the arbitration agreement is not illusory, and I would sustain HSC's first issue.

## II. CONCLUSION

Because the arbitration agreement applies prospectively and provides for notice of termination, it is not illusory. Therefore, I would reverse the order of the trial court denying HSC's motion to compel arbitration. For the foregoing reasons, I respectfully dissent.

GREGORY T. PERKES
Justice

Delivered and filed the
6th day of October, 2016.

4