COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| NAZARETH HALL NURSING CENTER, | § | |
| | | No. 08-11-00199-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law Number Three |
| | § | |
| ESPERANZA MELENDEZ, | | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC#2010-2564) |

**O P I N I O N**

Nazareth Hall Nursing Center appeals the trial court's order denying its motion to compel arbitration.   We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Nazareth Hall employed Esperanza Melendez from May 1990 until July 2009.   In 2006, Melendez received an employee handbook and signed the "Employee Acknowledgment and Arbitration Agreement" (the agreement) attached to the handbook.[1]   Although a signature line for Nazareth Hall appears on the agreement, Nazareth Hall is not a signatory to the agreement. Melendez' signature acknowledged that she received and read the introduction to the handbook. She also acknowledged and understood that an arbitration policy required any controversy or claim arising out of her employment to be settled by binding arbitration.   In the agreement, Nazareth Hall reserved the right to change any of the policies or procedures in the handbook at any time, with or without notice, and with or without cause.   In May 2009, Nazareth Hall modified its arbitration policy by separating the arbitration agreement from the "Employee Acknowledgment

---

[1] The Nazareth Hall employee handbook is not part of the record before us.

and Arbitration Agreement" of the employee handbook. Under the modifications, Nazareth continued to reserve the right to amend any policies or procedures at any time with or without notice, but also inserted new language providing that any change in the arbitration provisions would be delivered to each employee and would only apply prospectively. After the modifications, it was standard procedure for a Nazareth Hall representative to sign the agreement on the entity's behalf. Melendez denied receiving notice of or accepting the 2009 modified agreement. There is no evidence in the record that the 2009 modified agreement was signed by Melendez or Nazareth Hall.

Melendez was discharged from employment on July 23, 2009. Melendez subsequently filed a claim with the Equal Employment Opportunity Commission alleging that she had been discriminated against because of her age. The Commission granted Melendez a notice of right to file suit. Melendez filed suit for age discrimination and retaliation. Nazareth Hall filed a motion to compel arbitration. In her response to the motion, Melendez asserted that Nazareth Hall failed to show that the agreement met all the required contract elements. She argued that no enforceable arbitration agreement existed because the agreement was illusory. In addition, Melendez contends that Nazareth Hall cannot compel arbitration because it did not sign the agreement. After a hearing and additional briefing by the parties, the trial court denied Nazareth Hall's motion to compel without stating the grounds for denial. This appeal followed.

## DISCUSSION

In a single issue, Nazareth Hall contends that the trial court erred by denying its motion to compel arbitration. First, Nazareth Hall stresses that in determining whether to compel arbitration, courts should recognize the strong policy in favor of arbitration under Texas and

2

federal law. Second, Nazareth Hall asserts that the arbitrator, not the court should determine the issue of an illusory contract. Third, Nazareth Hall contends that the lack of its signature on the agreement does not terminate its right to compel arbitration.

### *Standard of Review*

We review a trial court's denial on a motion to compel arbitration for an abuse of discretion. *Sidley Austin Brown & Wood, LLP v. J.A. Green Dev. Corp.*, 327 S.W.3d 859, 862-63 (Tex. App. – Dallas 2010, no pet.). A trial court's determination regarding the validity of an arbitration agreement is subject to *de novo* review. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). In evaluating a motion to compel arbitration, we must first determine whether a valid arbitration agreement exists between the parties. *In re D. Wilson Constr. Co*., 196 S.W.3d 774, 781 (Tex. 2006). When a trial court refuses to compel arbitration pursuant to a valid and enforceable arbitration agreement it abuses its discretion. *In re Halliburton Co.,* 80 S.W.3d 566, 573 (Tex. 2002).

### *Applicable Law*

The parties do not dispute that the FAA applies to this proceeding. *See* 9 U.S.C.A. §§ 1-16 (West 2009). A party seeking to compel arbitration must establish the existence of a valid arbitration agreement and show that the claims presented fall within the scope of that agreement. *In re Dillard Dept. Stores, Inc*., 186 S.W.3d 514, 515 (Tex. 2006); *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 605 (Tex. 2005); *Budd v. Max International, LLC*, 339 S.W.3d 915, 918 (Tex. App. – Dallas 2011, no pet.). Here, Melendez does not argue that the asserted claims are not covered within the scope of the arbitration agreement. Rather, she challenges whether an agreement to arbitrate was ever entered into by the parties.

3

While there is a strong presumption in favor of arbitration, it arises only after a valid arbitration agreement is proven to exist. *J.M. Davidson*, 128 S.W.3d at 227. Generally, when determining if a valid enforceable arbitration agreement exists, courts not arbitrators consider gateway issues such as whether a valid arbitration clause exists and whether it binds a nonparty. *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005); *Stanford Development Corp. v. Stanford Condominium Owners Ass'n*, 285 S.W.3d 45, 48 (Tex. App. – Houston [1st Dist.] 2009, no pet.); *see also In re Morgan Stanley & Co.*, 293 S.W.3d 182, 190 (Tex. 2009) (any claim which questions the existence of an arbitration agreement is a question for the court); *In re Rubiola,* 334 S.W.3d 220, 224–25 (Tex. 2011) (whether non-signatory can compel arbitration depends on existence of valid agreement between specific parties and is therefore a gateway matter for the court to determine). However, the parties may agree to submit gateway matters to arbitration. *See Rent-A-Center, W., Inc. v. Jackson*, ---U.S.----, 130 S.Ct. 2772, 2777, 177 L.Ed.2d 403 (2010).

In determining the validity of an arbitration agreement, we apply the principles of state contract law. *In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 676 (Tex. 2006) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S.Ct. 1920 (1995)); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 738 (Tex. 2005). The elements needed to form a valid and binding contract are (1) offer; (2) acceptance in strict compliance with the offer's terms; (3) a meeting of the minds; (4) consent by both parties; (5) execution and delivery; and (6) consideration. *Advantage Physical Therapy Inc. v. Cruse*, 165 S.W.3d 21, 24 (Tex. App. – Houston [14th Dist.] 2005, no pet.).

Mutual promises to arbitrate employment constitute sufficient consideration for such agreements. *D.R. Horton, Inc. v. Brooks*, 207 S.W.3d 862, 868 (Tex. App. – Houston [14th Dist.]

4

2006, no pet.). An arbitration agreement is illusory if one party is able to "avoid its promise to arbitrate by amending the provision or terminating it altogether." *In re 24R, Inc.*, 324 S.W.3d 564, 567 (Tex. 2010); *In re Lucchese Boot Co.*, 324 S.W.3d 211, 213 (Tex. App. – El Paso 2010, no pet.) (promise to arbitrate not illusory where it cannot be avoided by change or termination); *see also Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 206-09 (5th Cir. 2012) (finding arbitration agreement illusory because employer could unilaterally modify or terminate provision at any time); *Morrison v. Amway Corp.*, 517 F.3d 248, 254 (5th Cir. 2008) (same). "When illusory promises are all that support a purported bilateral contract, there is no mutuality of obligation, and therefore, no contract." *In re 24R, Inc.*, 324 S.W.3d at 567.

*Analysis*

*Who Decides The Court or The Arbitrator?*

Nazareth Hall first complains that the trial court erred in denying its motion to compel because an arbitrator, rather than a trial court should determine whether the arbitration agreement is illusory. Melendez responds that the issues before the trial court were contract-formation issues which should be decided by a court, not an arbitrator. We agree that the issue presented is whether any valid arbitration agreement exists.

In general, when the validity of a contract containing the arbitration agreement is challenged, the issue is for the arbitrator as long as the agreement is valid. *See In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex. 2001) In contrast, when the very existence of an arbitration agreement is challenged as opposed to its continued validity or enforcement, it is a matter for the court. *See In re Morgan Stanley*, 293 S.W.3d at 189. Here, Melendez disputes the existence of a valid arbitration agreement because the agreement she signed in 2006 lacked consideration as a

5

result of Nazareth Hall retaining the unilateral right to change the policies and procedures within the agreement and it was not signed by Nazareth Hall. She also contends that Nazareth Hall never notified her of the May 2009 modified agreement and that she never accepted that agreement. Whether an arbitration agreement is in existence is an argument directed at the actual making of the contract; accordingly, it is an issue for the court to decide. *Id*. Because Melendez attacks the existence of a valid arbitration agreement based on lack of consideration and because Nazareth Hall is not a signatory to the agreement her claims go directly to the making of a valid contract, thus it is an issue left to the resolution of the court. *See id*.

But even assuming the issues do not attack the existence of the agreement and instead go to the validity and enforceability of the agreement which would be decided by the arbitrator, as argued by Nazareth Hall, Melendez' claims would still be decided by the trial court because Nazareth Hall's agreement expressly reserved questions of validity and enforceability to the court, not the arbitrator. *See Rent-A-Center*, 130 S.Ct. at 2777 (recognizing parties can agree to arbitrate questions of arbitrability); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1985) (power to decide arbitrability depends on what the parties agreed to about the matter); *AT&T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986) (holding parties may agree to arbitrate arbitrability). Here, the agreement provided that "[a]ny lawsuits challenging the validity and enforceability of this arbitration provision will be brought in a court of competent jurisdiction in El Paso County, Texas." The agreement clearly delegated power to the court to decide any claims concerning its validity and enforceability and thus, the issues here were for the court and not the arbitrator. *See id*.

### *Does a Valid Arbitration Agreement Exist?*

Nazareth Hall next contends that an enforceable, non-illusory arbitration agreement exists because Melendez was an at-will employee who acknowledged receipt of its arbitration policy and continued to work after the date she signed the agreement. Therefore, Nazareth Hall argues Melendez consented to the agreement. Melendez argues that there is no agreement in existence because the agreement she signed lacked consideration and as such it is illusory and unenforceable.

### *The 2006 Agreement*

An arbitration agreement is valid if it meets the general requirements of the applicable state's contract law. *In re Poly-America, L.P.,* 262 S.W.3d 337, 347 (Tex. 2008). The initial determination of whether an enforceable agreement exists is decided by the application of contract law. *Id.* at 348; *In re Palm Harbor Homes*, 195 S.W.3d at 676.

Here, when Melendez signed the 2006 agreement she acknowledged that as a condition of her employment and continued employment any controversy or claim related to her employment were required to be settled by binding arbitration. The agreement states that it is equally binding on both parties and that both parties waive their right to a jury trial. Under the 2006 agreement, Melendez is free to terminate employment at any time, with or without notice as can Nazareth Hall for any reason not prohibited by law. However, the 2006 agreement expressly allows Nazareth Hall to unilaterally amend the agreement at any time and without notice. Therefore, even though the agreement states that it is binding on both parties, Nazareth Hall's promise to arbitrate is illusory because Nazareth Hall can unilaterally change the agreement at any time without notice.

7

*See In re Datamark, Inc.*, 296 S.W.3d 614, 617 (Tex. App. – El Paso 2009, no pet.).   Because the agreement lacks binding promises from Nazareth Hall to Melendez as required in the formation of a contract, there was no consideration and there is no enforceable arbitration agreement.   *See In re 24R, Inc.*, 324 S.W.3d at 567.

### *The 2009 Agreement*

In her appellate brief, Melendez argues that the 2009 modified agreement was not an enforceable contract because there was no evidence that she ever accepted or knew about the modified agreement.   Nazareth Hall has not directly addressed this argument on appeal even though it was asserted below.   However, Nazareth Hall asserts that it had an arbitration policy in place, Melendez signed the agreement, and continued to work until 2009, which constituted acceptance of its arbitration policy.   As it is unclear if Nazareth Hall is referring to the 2006 or 2009 agreements or both, we will address Melendez' cross-point regarding the 2009 agreement.

Because arbitration is a creature of contract, a party cannot be compelled to arbitrate a dispute unless an agreement to do so exists.   *In re Bunzl USA, Inc.*, 155 S.W.3d 202, 209 (Tex. App. – El Paso 2004, orig. proceeding).   An employer asserting a change in an at-will employment contract must show that the employee received notice of the change and accepted the change.   *In re Halliburton Co.*, 80 S.W.3d 566, 568 (Tex. 2002).   When an employer notifies the employee of the change and he or she continues working with knowledge of the change, the change is accepted as a matter of law.   *Id*.   Here there is no evidence in the record and Nazareth Hall does not prove that Melendez was ever notified of the 2009 modified agreement or that she accepted the agreement.   Accordingly, the 2009 modified agreement is invalid and unenforceable

8

against Melendez. *Id*.

Because there was no valid and enforceable agreement in either 2006 or 2009, Nazareth Hall has failed to prove that a valid arbitration agreement existed between the parties. Accordingly, we conclude that the trial court did not err in denying Nazareth Hall's motion to compel arbitration and need not address Nazareth Hall's additional contention that the absence of its signature on the 2006 agreement was not fatal to its right to compel arbitration. *See In re Dillard Dept. Stores*, 186 S.W.3d at 515 (a party seeking to compel arbitration must prove the existence of a valid arbitration agreement); *see also* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."). We overrule Nazareth Hall's sole issue on appeal.

## CONCLUSION

We affirm the judgment of the trial court.


GUADALUPE RIVERA, Justice

June 29, 2012

Before McClure, C.J., Rivera, J., and Chew, C.J., (Senior)
Chew, C.J., (Senior), sitting by assignment

9