ACCEPTED
01-15-00245-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/4/2015 12:33:29 PM
CHRISTOPHER PRINE
CLERK

CASE NO. 01-15-00245-CV

IN THE FIRST COURT OF APPEALS
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/4/2015 12:33:29 PM
CHRISTOPHER A. PRINE
Clerk

S.C. MAXWELL FAMILY PARTNERSHIP, LTD
*Appellant*

v.

THOMAS KENT AND NANCY KENT
*Appellees*

## Brief of Appellee

THE GERKE LAW FIRM, PLLC
M. Chad Gerke
Texas Bar No. 24027390
2000 South Market St., Suite 300
Brenham, Texas 77833
Tel. (979) 530-0930
Fax. (888) 832-0527
Email:  chad@gerkelaw.com

**ATTORNEY FOR APPELLEES,
THOMAS KENT AND NANCY
KENT**

## ORAL ARGUMENT REQUESTED

# Identity of Parties and Counsel

*Appellant/Defendant*

S.C. MAXWELL FAMILY PARTNERSHIP, LTD

*Counsel for Appellant*
William R. Pemberton
WILLIAM R. PEMBERTON, P.C.
P.O. BOX 1112
Crockett, Texas 75835
Tel. (936) 544-4111
Fax. (936)544-5023
Email: bill@pembertontriallaw.net


*Appellees/Plaintiffs*
THOMAS KENT
NANCY KENT

*Counsel for Appellees*

M. Chad Gerke
GERKE LAW FIRM, PLLC
2000 South Market St., Suite 300
Brenham, Texas 77833
Tel. (979) 530-0930
Fax. (888) 832-0527
Email:  chad@gerkelaw.com

# Table of Contents

Identity of Parties and Counsel…………………………………………...………i

Table of Contents………………………………………………...…………...ii

Index of Authorities…………………………………………...…………..iii

Statement Regarding References to Parties and the Record..………………….…iv

Statement Regarding Oral Argument………………………………………...iv

Statement of the Case……………………………………………………………v

Issue Presented……………………………………………………………….vi

> Whether Defendant can seek to enforce an arbitration clause when Defendant disputes the validity, formation and existence of the underlying agreement in question.

I.      INTRODUCTION AND STATEMENT OF FACTS………………………1

II.     SUMMARY OF THE ARGUMENT………………………………...…3

III.    ARGUMENT……………………………………………………………..4

> Defendant cannot seek to enforce arbitration agreement while denying the validity or existence of formation of the Partnership Agreement.

IV.     PRAYER……………………………………………………………...10

Certifications……………………………………………………………...11

Appendix

# Index of Authorities

**Cases**

*American Med. Tech., Inc. v. Miller.* 149 S.W.3d 265
(Tex. App.—Houston [14th Dist.] 2004, no pet.)…………………………..……....6-7

*In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex. 2001)……………………9

*In re Morgan Stanley & Co., Inc.*, 293 S.W.3d 182 (Tex. 2009)……………..…9

*Nazareth Hall Nursing Ctr. v. Melendez*,
372 S.W.3d 301, 306 (Tex. App.—El Paso 2012, no pet.)………………………...9

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S.395 (1967)…………....5

*Texas Cityview Care Ctr., L.P. v. Fryer*, 227 S.W.3d 345
(Tex. App.—Fort Worth, 2007, pet dism'd)……………………………….....….6

*Texas Gas Util. Co. v. Barrett*, 460 S.W.2d 409 (Tex. 1970)…………...………9

*Will–Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003…....6, 9

## Statement Regarding References to the Parties and the Record

In this Brief, Plaintiffs-Appellees Thomas Kent and Nancy Kent will be referred to as the "Kents" or "Plaintiffs." Defendant-Appellant S.C. Maxwell Family Partnership, Ltd., will be referred to as the "Defendant" or the "Appellant."

All references to the court's record denote page numbers and are to be cited as CRXX. Only one exhibit was not included as part of the trial court's record and is included with this brief for illustrative purposes in the Appendix.

## Statement Regarding Oral Argument

Appellees believe oral argument is not necessary because this appeal involves the straightforward application of settled law to undisputed facts, and oral argument would not significantly aid the Court's decisional process. If the Court believes oral argument would help it to resolve the appeal, however, Appellees request the opportunity to present their side.

## Statement of the Case

Nature of the Case

Plaintiffs filed a declaratory judgment action seeking the trial court to rule that the Partnership Agreement underlying this case is valid and Plaintiffs are 50% partners in AAA Self Storage-Brenham. (CR2-40). Defendant filed a Motion to Transfer Venue based on the arbitration clause contained in the Partnership Agreement. (CR90-94). The trial court's denial of this motion was appealed to this Court by writ of mandamus. (CR111-12). This Court denied the Defendant's writ of mandamus and, subsequently, the Texas Supreme Court denied Defendant's mandamus as well. (CR114, 238-39). Defendant had asserted that there was no valid contract based on the capacity of its agent. Defendant amended its pleadings and now disputes the validity, existence and enforceability of the Partnership Agreement based on claims of fraud or fraudulent inducement and failure of consideration or lack of consideration. (CR248-51). Defendant filed a Motion to Stay Proceedings and Compel Arbitration. (CR270-74).

Trial Court

335th Judicial District Court of Washington County, Texas, Hon. Carson Campbell

Course of Proceedings & Dispositions Below

The trial court denied Defendant's Motion to Compel Arbitration and to Abate Proceedings. (CR294-95). Defendant filed this interlocutory appeal from the denial of its motion to compel arbitration and abate, Case No. 01-15-00245-CV. (CR296).

## Issue Presented

Whether Defendant can seek to enforce an arbitration clause when Defendant disputes the validity, formation and existence of the underlying agreement in question.

## I.  INTRODUCTION & STATEMENT OF FACTS

On March 10, 2014, Plaintiffs received a letter from Defendant's counsel. (CR38-40). In the letter, the Defendant "contends the AAA Self Storage-Brenham partnership agreement is not valid" due to the actions of James H. Edwards who when executing the Agreement was "purporting to act as agent and attorney in fact" for the general partner of Defendant. (CR38).

Plaintiffs then filed a declaratory judgment action wherein they argued that Plaintiffs and Defendant entered into a partnership agreement, which pertains to land in Washington County and a business operation known as AAA Self Storage-Brenham (referred to as "Partnership Agreement"). (CR2-4). In this matter, Plaintiffs simply seek a declaratory judgment action in this matter that the Partnership Agreement is indeed a valid contract and Plaintiffs are 50% partners in AAA Self Storage-Brenham. (CR2-4). Plaintiffs have only filed this action based on Defendant's claims the Partnership Agreement is not valid.

Defendant filed a Motion to Transfer Venue to Angelina County, arguing venue was mandatory under TEX. CIV. PRAC. & REM. CODE section 171.096. (CR41-60). At the trial and appellate levels, Plaintiffs argued that Defendant's motion to transfer venue was not mandatory because Defendant was precluded from arguing the arbitration provision in the agreement was somehow enforceable, when Defendant alleged there was no valid agreement. (CR90-94). On May 6,

1

2014, the trial court denied Defendant's Motion to Transfer Venue. (CR111).

On June 3, 2014, Defendant filed a Petition for Writ of Mandamus with this Court, challenging the trial court's ruling on the Motion to Transfer Venue. (CR112). Defendant's Petition for Writ of Mandamus made the same argument that it did in the trial court; that, although Defendant contends there was no Partnership Agreement, it was somehow allowed to exercise the arbitration provision in the same agreement. The issues were briefed by the parties to this Court. On October 2, 2014, this Court issued an Order denying Defendant's Petition for Writ of Mandamus. (CR114). Defendant appealed the ruling of this Court; on December 19, 2014, the Texas Supreme Court denied Defendant's Petition for Writ of Mandamus. (CR243).

Defendant has now attempted to amend its pleadings, arguments and defenses in this case, contending that it asserts there is a valid Partnership Agreement. (CR248-69). However, through the reformulations of its defenses to the contract, now Defendant is, in actuality, questioning the validity and the grounds of formation of the Agreement claiming that the "partnership agreement was executed as a result of fraud and fraudulent inducement and that there was a failure of consideration or lack of consideration for the agreement." (CR248-69). No facts, pleadings, or evidence have been proffered, nor were arguments asserted, for how these affirmative defenses apply to this case. Defendant again is seeking

2

the protections of the arbitration clause, while controverting its own position by asserting that there was never a valid agreement underlying this action because of its alleged affirmative defenses.

## II.    <u>**SUMMARY OF ARGUMENT**</u>

Like the trial court's order denying Defendant's Motion to Transfer Venue, this Court's denial of the Defendant's Writ of Mandamus, and the Texas Supreme Court's denial of the Writ of Mandamus, the trial court properly denied the Defendant's Motion to Compel Arbitration in this case because Defendant is seeking to attack the very existence of the underlying agreement.  Further, the record and pleadings in no way support Defendant's claim that it is merely attacking the validity or enforcement of the contract due to a true fraud or fraudulent inducement claim.

Should this Court find enough support that Defendant has genuinely and sufficiently raised the affirmative defense of fraud or fraudulent inducement so that arbitration would be proper, the Defendant's arguments still fail because it has also raised the affirmative defense of failure of consideration or lack of consideration. Consideration is an essential element of contract formation, and without a determination made by the trial court that the Partnership Agreement is valid—i.e., with sufficient consideration—the trial court did not err in denying Defendant's motion to compel arbitration in this case.

3

## III. ARGUMENT

**Defendant cannot seek to enforce arbitration agreement while denying the validity or existence of formation of the Partnership Agreement.**

Defendant's argument for maintaining that the trial court erred in denying its motion to compel arbitration fails for the same factual and legal reasons that this Court denied its writ of mandamus for transfer of venue. Specifically, Defendant's argument fails because Defendant seeks to compel arbitration, but simultaneously challenges the validity and existence of the underlying Partnership Agreement. All of the case law and statutes cited by Defendant are asserted by contending that the arbitration provision must apply, even if there is no determination made whether there is a valid or existing agreement underlying the arbitration clause under these circumstances.

In Defendant's Motion to Transfer Venue, Defendant alleged "the Agreement to Arbitrate is separable from the entire Partnership Agreement, and it is enforceable in spite of attacks on the validity of the Partnership Agreement as a whole." (CR90-94). Because that argument has already failed at the trial court and every appellate level, in its Motion to Compel Arbitration, its Amended Answer and its Appellate Brief, Defendant now seeks to enforce an arbitration provision of a Partnership Agreement between Plaintiffs and Defendant, while at the same time Defendant alleges the same Partnership Agreement to be invalid

4

under presumably different theories. (CR61-87; 270-92).

Even in the venue context, Defendant could not seem to decide if the Partnership Agreement itself was valid within its own filings. Although the Motion to Transfer Venue and the Motion to Stay Litigation both claimed that the contract was invalid, Defendant tried to sidestep this argument in a letter addressed to the trial court, dated April 29, 2014. (*See* Appendix, Record #1 at p.4-5)[1]. In the letter, Defendant claims that it is not denying the existence of a contract or the existence of a power of attorney but then continues to question the signor's power to bind the principal. (See Id. at p.5). Now, in Defendant's most recent filings and appearances, Defendant asserts that the signor of the document had the authority and capacity to sign the Partnership Agreement. Defendant cannot constantly vacillate on this point again and again, as it is the crux of the matter.

### 1. The separability doctrine does not apply in this case.

The "separability doctrine" provides that arbitration clauses can be "separable" from contracts in which they are contained. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S.395 (1967). Fifth Circuit case law examining this doctrine has held that while a defense to a contract or alleging a contract is voidable is subject to this doctrine, an attack on "the 'very existence of a contract'

---

[1] The letter was sent to the trial court by Defendant, but was not included as a part of the Court Record. Since it is only being used for illustrative purposes of Defendant's continued equivocation on its argument of the Partnership Agreement's validity or existence, Plaintiffs have attached it hereto.

containing the relevant arbitration agreement is called into question, the court has the authority and responsibility to decide the matter." *American Med. Tech., Inc. v. Miller*. 149 S.W.3d 265 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (discussing *Will–Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003)).

Although the cases cited by both parties often apply federal arbitration law, analysis is applicable to Texas' arbitration law. Indeed, in determining whether an arbitration agreement is valid under the Federal Arbitration Act or the Texas General Arbitration Act, courts generally apply ordinary state law principles of contract formation. *Texas Cityview Care Ctr., L.P. v. Fryer*, 227 S.W.3d 345, 351 (Tex. App.—Fort Worth, 2007, pet dism'd).

In *American Med. Tech., Inc. v. Miller*, the Fourteenth Court of Appeals addressed the separability issue in the face of a party's challenge to the validity of the underlying contract. 149 S.W.3d 265 (Tex. App. – Houston [14th Dist.] 2004, no pet.). In *American Medical Technology*, a former employee brought suit against an employer for breach of an employment contract and the defendant-employer sought to enforce an arbitration provision in the employment agreement. *Id*. at 268-70. The employer had sent the employee a letter stating the employment agreement was not executed by an officer with authority, and therefore, the agreement was neither valid nor enforceable. *Id*.

6

The Court held the separability doctrine did not apply when the very existence of the underlying contract was called into question. *Id.* at 272. Because the parties never reached an agreement to arbitrate, the separability doctrine did not apply. *Id.* 273.

"When the very existence of an agreement is disputed, a court, not an arbitrator, must decide at the outset whether an agreement was reached, applying state-law principles of contract." *Id.* "The rule, simply, is this: If a party claims a valid agreement to arbitrate never existed, the trial court must resolve the issue, regardless of which party brought the issue to the court's attention." *Id.* at 274.

Defendant seeks to enforce an arbitration provision of a contract it alleges to be invalid. As held in *American Med. Tech.*, when the very existence of a valid agreement is disputed, a court must decide whether an agreement was reached at the outset. As stated by the court in *American Med. Tech.,* a party may not "ratify a contract and subsequently seek to avoid the contract." *Id.* at 271. In the matter at hand, Defendant seeks to ratify an arbitration provision from an agreement it alleges to be invalid. Therefore, because Defendant's defenses seek to avoid the Partnership Agreement, the validity and the existence of the necessary contract formation element of consideration is a question for the trial court.

## 2. Defendant has only raised the issue of fraud and fraudulent inducement to confuse the issues in this case.

Defendant now asserts that the contract is "valid" but is also invalid because

of fraud or fraudulent inducement. No facts have been asserted as to how, who, or why this affirmative defense applies. One could presume that the Defendant is hoping to reframe the original capacity and lack of authority argument that precipitated this declaratory action in the first place, without providing any basis of facts in its Answer and Amended Answer or any subsequent motions, hearings, or appellate briefs in support thereof.

Based on the entirety of Defendant's allegations *and* raised affirmative defenses, the Defendant contends this matter does not involve what was originally a valid and enforceable agreement that resulted in a cancelled or repudiated contract. Instead, this matter involves an allegation by the Defendant that the contract between the parties, when executed by Defendant's purported agent, was invalid and unenforceable based on a number of theories.

### 3. Defendant's defense of failure or lack of consideration attacks the very existence and formation of the underlying agreement.

Even if this Court finds that Defendant has sufficiently pled an affirmative defense of fraud or fraudulent inducement, the trial court did not err in denying Defendant's Motion to Compel Arbitration. By asserting the defense of failure of consideration or lack of consideration, Defendant has squarely placed the determination of the existence of a contract in the capable hands of the trial court and not an arbitrator.

"In general, when the validity of a contract containing the arbitration

8

agreement is challenged, the issue is for the arbitrator as long as the agreement is valid. In contrast, when the very existence of an arbitration agreement is challenged as opposed to its continued validity or enforcement, it is a matter for the court." *Nazareth Hall Nursing Ctr. v. Melendez*, 372 S.W.3d 301, 306 (Tex. App.—El Paso 2012, no pet.) (citing *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex. 2001) and *In re Morgan Stanley*, 293 S.W.3d 182, 189 (Tex. 2009)).

Quoting the Fifth Circuit, the Texas Supreme Court explained the rationale of how to rule on contract formation determinations at the trial court level:

> [W]here the very existence of an agreement is challenged, ordering arbitration could result in an arbitrator deciding that no agreement was ever formed. Such an outcome would be a statement that the arbitrator never had any authority to decide the issue. A presumption that a signed document represents an agreement could lead to this untenable result. We therefore conclude that where a party attacks the very existence of an agreement, as opposed to its continued validity or enforcement, the courts must first resolve that dispute.

*In re Morgan Stanley*, 293 S.W.3d at 189 (quoting *Will-Drill Res., Inc. v. Samson Res.*, Co., 352 F.3d 211, 219 (5th Cir. 2003)).

Obviously, consideration supporting the contract is an essential element to any enforceable contract. *See Texas Gas Util. Co. v. Barrett*, 460 S.W.2d 409, 412 (Tex. 1970); *Nazareth Hall*, 372 S.W.3d at 305.

In its most recent pleadings and motions, Defendant is asserting an

9

affirmative defense of insufficient consideration. Therefore, because Defendant is challenging an essential element of an enforceable contract it is up to the trial court to make such a determination, and not the arbitrator. Because Defendant has attacked the very existence of the underlying Partnership Agreement in this action, it cannot then seek to avail itself to the arbitration clause contained therein. Accordingly, the trial court did not err in denying Defendant's Motion to Compel Arbitration in this case.

## IV. PRAYER

For these reasons, Appellees Thomas Kent and Nancy Kent respectfully request that this Court affirm the trial court's order and deny Appellant's appeal. Appellees also ask for such other and further relief to which the Appellee may be justly entitled.

Respectfully submitted,

**THE GERKE LAW FIRM, PLLC**

By:  /s/ M. Chad Gerke
_____
M. Chad Gerke
Texas Bar No. 24027390
2000 South Market St., Suite 300
Brenham, Texas 77833
Tel. (979) 530-0930
Fax. (888) 832-0527
Email:  chad@gerkelaw.com
**Attorney for Appellees, Plaintiffs,**
**Thomas Kent and Nancy Kent**

10

## CERTIFICATE OF SERVICE

I certify that on May 4, 2015 a true and correct copy of Appellee's Response was served by certified letter to William R. Pemberton at P.O. Box 1112, Crockett, Texas 75835.


/s/ M. Chad Gerke

M. Chad Gerke


## CERTIFICATE OF COMPLIANCE

This brief complies with the length limitations of TEX. R. APP. P. 9.4(i)(3) because this brief consists of 2,168 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

Appendix

Record

1.  Letter to Judge Campbell from W. Pemberton, dated April 29, 2014

Appendix

Record

1. Letter to Judge Campbell from W. Pemberton, dated April 29, 2014

# Record 1

## WILLIAM R. PEMBERTON
### A PROFESSIONAL CORPORATION
*Attorney at Law*

306 NORTH SEVENTH STREET
P. O. BOX 1112
CROCKETT, TEXAS 75835

BOARD CERTIFIED-CIVIL TRIAL LAW
BOARD CERTIFIED-PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
BOARD CERTIFIED-CIVIL TRIAL ADVOCATE BY
THE NATIONAL BOARD OF TRIAL ADVOCACY
THE NATIONAL BOARD OF CIVIL PRETRIAL PRACTICE ADVOCACY

PHONE 936-544-4111

FAX 936-544-5023
www.pembertontriallaw.com

April 29, 2014

Honorable Carson Campbell
District Judge
Courthouse
100 E. Main St., Ste. 305
Brenham, Texas 77833

    Re:   Cause No. 35517; Thomas Kent, et ux vs.
           S. C. Maxwell Family Partnership, Ltd.;
           335th Judicial District Court of Washington
           County, Texas

Dear Judge Campbell:

    This letter is in response to the supplemental brief filed by Plaintiffs in the above captioned Cause. The question for the Court is the Motion to Transfer Venue. This suit was brought by Plaintiffs to establish the validity of a partnership agreement containing an arbitration clause. Defendants seek to have the arbitration clause enforced. If the Motion to Transfer Venue is granted, the Motion to Stay Litigation Pending Arbitration is to be decided by the District Court in Angelina County. I have enclosed an Order Sustaining Motion to Transfer Venue.

    The AAA Self Storage-Brenham Partnership Agreement provides in Article 14 that arbitration is required and that the arbitration hearing is to be held in Angelina County, Texas. Article 14 also provides that the arbitration shall be governed by the provisions of the Texas General Arbitration Act.

In Plaintiffs' Response to Defendant's Motion to Transfer Venue, Plaintiffs attempt to maintain venue in Washington County under TEX. CIV. PRAC. & REM. CODE § 15.002. TEX. CIV. PRAC. & REM. CODE § 15.002 is the general venue statute. Plaintiffs cannot maintain venue in Washington County under the general venue statute, because the partnership agreement requires the arbitration hearing to be held in Angelina County. TEX. CIV. PRAC. & REM. CODE ANN. § 171.096 is a mandatory venue statute requiring that a lawsuit over a contract which contains an arbitration clause must be held in the county in which the arbitration agreement provides for the arbitration hearing to be held, In re: Sosa, 370 S.W.3d 79 (Tex. App. - Houston [14th] 2012, no pet.). Plaintiffs in their brief have cited no authority to contradict the holding of the 14th Court of Appeals in Sosa.

Plaintiffs, in Plaintiffs' Response to Defendant's Motion to Transfer Venue, also attempt to maintain venue in Washington County under TEX. CIV. PRAC. & REM. CODE § 15.011, the venue provision involving actions to recover real property. Plaintiffs cannot maintain venue under Section 15.011, because this suit is primarily brought to declare the validity of a partnership agreement and the percentage of ownership of a partnership. In Royal v. Moore, 580 S.W.2d 159 (Tex. App. - Houston [1st] 1979, no pet.) venue was sought to be maintained in Harris County in a suit praying for partition of partnership assets, i.e. a tract of land, an accounting of the assets and liabilities of the partnership, an injunction against disposal of land belonging to the partnership, and a percentage of the partnership assets or damages in lieu thereof. The Court of Appeals in Royal held that since the principal relief sought was an accounting of partnership assets, an injunction against further disposing of partnership realty and for damages, the prayer for title to any real estate was secondary to the main cause of action, and the case was properly transferred to Dallas County. In McGoldrick v. Mahoney, 654 S.W.2d 570 (Tex. App. - Tyler 1983, no pet.), the Tyler Court of Appeals also held that a suit for breach of a partnership agreement, breach of a lease agreement, an accounting between the partners, a claim of quantum merit, appointment of receiver and recovery of an interest in a private club located in Nacogdoches County, Texas was properly transferred to Brazos County, Texas, since the principal relief sought was not recovering an interest in land. In Kirshenbaum v. Smith, 480 S.W.2d 500 (Tex. Civ. App. - El Paso 1972, no pet.) it was held that a suit involving a partnership which owned apartments and improvements in Wichita County, Texas was not transferable from Midland County to Wichita County, because the essential nature of the suit was for dissolution of the partnership agreement, an

accounting, appointment of receiver and damages for breach of the partnership contract.

Another reason Plaintiffs cannot sustain venue in Washington County is that Defendant's Motion to Transfer Venue specifically denied the venue allegations in Plaintiff's petition, Tex. R. Civ. P. 87. Plaintiff's reply to Defendant's Motion to Transfer Venue was filed less than seven days prior to the hearing date. Therefore, it was not timely, and, not being timely, did not constitute prima facie proof to support Plaintiffs' venue allegations, Tex. R. Civ. P. 87. When a Defendant specifically denies the Plaintiffs' venue allegations, the Plaintiff is required to timely file an affidavit supporting its venue claims in order to defeat a motion to transfer venue, Tex. R. Civ. P. 87, Union Carbide Corp. v. Loftin, 256 S.W.3d 869 (Tex. App - Beaumont 2008, rev. dism'd). Plaintiffs did not do so.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.011, the venue statute for suits involving recovery of land, was superseded by TEX. CIV. PRAC. & REM. CODE ANN. § 171.096, the venue provision for suits involving contracts with arbitration clauses. The later adopted provisions of Section 171.096 control over the earlier enacted provisions of Section 15.011, In re: Sosa, 370 S.W.3d 79 (Tex. App. - Houston [14th] 2012, no pet.) Therefore, even if Plaintiffs had proved venue under Section 15.011, the motion to transfer venue must be granted.

Since Plaintiffs have failed to maintain venue in Washington County for each of the following independent reasons:

1. Plaintiffs failed to make prima facie proof of venue under Tex. R. Civ. P. 87,
2. Venue under the general venue statute must yield to the mandatory venue statute for contracts containing an arbitration clause,
3. This is not a suit for recovery of an interest in land, and
4. The venue statute for suits seeking recovery of an interest in land must yield to the later enacted statute specifying venue for suits involving contracts with arbitration clauses.

the matter should end there, and venue should be transferred to Angelina County.

Although the issue is not plead in Plaintiffs' Response to Defendant's Motion to Transfer Venue, Plaintiffs, in their supplemental brief, seek to avoid venue in Angelina County, Texas by claiming that there is an exception for cases involving the validity of the underlying contract, but they have cited no cases contradicting the holding of Sosa that any case involving a contract with an arbitration agreement providing for specific venue of the arbitration hearing requires venue of any lawsuit in the county stipulated in the contract as the place for holding the arbitration hearing. The determination as to whether to compel arbitration is the duty of the Court in which proper venue is established.

If the Court feels the need to go further than the above in determining the venue issue, the Court must decide two questions:

(1) Whether a valid, enforceable arbitration agreement exists, and

(2) If so, whether the claims asserted fall within the scope of the agreement, Dallas Cardiology Associates v. Mallick, 978 S.W.2d 209 (Tex. App. - Texarkana 1998, rev. den.).

In this case, Plaintiffs brought suit claiming that the partnership agreement containing the arbitration provision is valid. Defendants are seeking arbitration, as evidenced by their Motion to Stay Litigation Pending Arbitration. Therefore, there is no question that a valid, enforceable arbitration agreement exists, and the claims asserted fall within the scope of the agreement.

An agreement to arbitrate is valid despite attacks on the contract as a whole or repudiation of the contract as a whole, Pepe International Dev. Co. v. Pub Brewing Co., 915 S.W.2d 925 (Tex. App. - Houston [1st] 1996, no pet.), Dallas Cardiology Associates v. Mallick, 978 S.W.2d 209 (Tex. App. - Texarkana 1998, rev. den.), Henry v. Gonzalez, 18 S.W.3d 684 (Tex. App. - San Antonio 2000, rev. dism'd). The cases cited by Plaintiff in support of the separability doctrine all involve the Federal Arbitration Act, not the Texas General Arbitration Act which governs the contract the subject of this suit. Texas Cityview Care Center v. Fryer, 227 S.W.3d 345 (Tex. App. - Fort Worth 2007, rev. dism'd) involved a medical power of attorney which never came into effect because a physician had never certified that the principal was unable to make health care decisions for herself. American Med. Tech. v. Miller, 149 S.W.3d 265 (Tex. App. - Houston [14th] 2004, no pet.) was a case where the existence of a contract was denied. As set forth in the

next paragraph of this letter, Defendant does not deny the existence of a contract. Defendant seeks to enforce the arbitration provision of the contract, but reserves the right to attack the contract on the basis of fraud, failure of consideration and other defenses.

Defendant does not deny the existence of a power of attorney from Rebecca Maxwell, Trustee to James H. Edwards. A durable power of attorney is effective unless the third party relying on the power of attorney receives actual notice of revocation of the power of attorney, TEX. EST. CODE ANN. § 751.058, American Medical Technologies v. Miller, 149 S.W.3d 265 (Tex. App. - Houston [14th] 2004, pet. den.) Therefore, whether the signor of the partnership agreement had the power to bind the principal in the absence of fraud, failure of consideration or other defenses, is not at issue.

In re: Morgan Stanley & Co., 293 S.W.3d 182 (Tex. 2009) another case based on the Federal Arbitration Act, held that fraud in the inducement of a contract is for the arbitrator, not the court to decide. Also please refer to Schmidt Land Services v. Unifirst Corp., 2014 W.L. 1612846 (Tex. App. - San Antonio 2014). Morgan Stanley also held that the separability doctrine presumptively favors arbitration. According to Morgan Stanley, the only issues to be addressed by the Court when a contract containing an arbitration clause is involved are whether the alleged obligor ever signed the contract, whether the signor lacked authority to commit the alleged principal or whether the signor lacked the mental capacity to assent to a contract. Those issues are not involved in this case.

The Motion to Stay Litigation Pending Arbitration was not heard at the April 15, 2014 hearing. Only the Motion to Transfer Venue was heard. If the Court denies the Motion to Transfer Venue, Defendant requests a hearing on the Motion to Stay Litigation Pending Arbitration.

Sincerely,

William R. Pemberton

WRP:mt
Enclosures
SENT TO FAX NO. 979-277-6235 AND
BY FEDERAL EXPRESS WITH ENCLOSURES

Honorable Carson Campbell
April 29, 2014
Page 6

cc:   Mr. M. Chad Gerke
      The Gerke Law Firm
      2000 S. Market St., Suite 300
      Brenham, Texas 77833
CERTIFIED MAIL NO. 7196 9008 9115 5652 6930,
RETURN RECEIPT REQUESTED

cc:   Mr. Stanley Maxwell
      S. C. Maxwell Family Partnership, Ltd.
      2300 N. 4th Street
      Crockett, Texas 75835